Rafael Bernardino, Jr.     State Bar 118690
Kellan Martz               State Bar 291649
Andrew S. Kierstead        State Bar 132105
John M. Koenig             State Bar 132104
HOBSON, BERNARDINO & DAVIS, LLP
444 South Flower Street, Suite 3100
Los Angeles, California  90071
Telephone: (213) 235-9197
Facsimile : (213) 235-9197
Email: rbernardino@hbdlegal.com

Peter N. Wasylyk          *Pro hac vice*
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
Email: pnwlaw@aol.com

Attorneys for Plaintiff DANIEL SCHWARTZ

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| **DANIEL SCHWARTZ,** | ) Case No. CV 19-6249 FMO (RAOx) |
| **Plaintiff,** | ) **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES** |
| v. | ) Before the Hon. Fernando M. Olguin |
| **BAI BRANDS, LLC, a New Jersey Limited Liability Company; KEURIG DR PEPPER, INC.,**  a Delaware corporation. | ) |
| **Defendants.** | ) |

Plaintiff DANIEL SCHWARTZ (hereafter also referred to as "SCHWARTZ" or "Plaintiff"), individually and on behalf of all others similarly situated consumers in the State of California (hereafter also referred to as "Class" or "Class Members"), brings this complaint as a putative class action lawsuit (hereafter also referred to as "Complaint" or "Lawsuit" or "Class Action") against Defendants, BAI BRANDS, LLC (hereafter also referred to as "BAI") and KEURIG DR PEPPER, INC. (hereafter also referred to as "KDP") (hereafter "BAI" and "KDP" also collectively referred to as "Defendants").  Plaintiff demands a trial by jury, and alleges upon information and belief, except as to the allegations within Plaintiff's personal knowledge, as follows:

## SUMMARY OF ACTION

1.     This is a consumer protection Class Action that seeks redress for Defendants' false, deceptive, and misleading labeling, marketing, advertising, and selling of four varieties of a line of beverages referred to by the trade name of "bai Antioxidant Cocofusion" (hereafter also referred to as "Beverages" or "Cocofusion Beverages" in the plural and as "Beverage" or "Cocofusion Beverage" in the singular).

2.     Plaintiff brings this Class Action to redress Defendants' failure to comply with federal and state food labeling laws and regulations, specifically flavoring regulations that  address labeling of "flavored" foods, which include beverages, whose front labels give the impression that the beverages contain real fruit ingredients, but in reality the beverages do not contain real fruit ingredients, or do not contain enough real fruit ingredients to independently characterize the beverages.

1

3. The front labels (hereafter also referred to as "Principal Display Panels" in the plural and "Principal Display Panel" in the singular) of the Beverages prominently and conspicuously identify two fruits, by words in bold uppercase letters that display the names of the two fruits and by color images that depict the two fruits (hereafter also referred to as "Vignettes" in the plural and "Vignette" in the singular), that are presented as the characterizing real fruit ingredients of each Beverage which are responsible for imparting the Beverages' specific fruit flavors.

4. The two fruits identified on the Principal Display Panels of the Beverages consist of: coconut in addition to lime, coconut in addition to pineapple, coconut in addition to raspberry, and coconut in addition to mango.

5. Defendants manufacture, label, distribute, advertise, market, and sell, the Beverages in eighteen ounce bottles whose Principal Display Panels, in addition to depicting Vignettes of the two fruits, refer to the Beverages as bai ANTIOXIDANT COCOFUSION: (1) ANDES COCONUT LIME - WITH OTHER NATURAL FLAVORS (hereafter also referred to as "Coconut Lime Beverage"); (2) PUNA COCONUT PINEAPPLE WITH OTHER NATURAL FLAVORS (hereafter also referred to as "Coconut Pineapple Beverage"); (3) MAUI COCONUT RASPBERRY WITH OTHER NATURAL FLAVORS (hereafter also referred to as "Coconut Raspberry Beverage"); and, (4) MALAWI COCONUT MANGO WITH OTHER NATURAL FLAVORS (hereafter after referred to as "Coconut Mango Beverage")

6. The presence or absence of real fruit ingredients is a material fact that reasonable consumers reasonably rely upon in making their purchasing decisions.

7. Reasonable consumers perceive that consuming beverages that contain real fruit ingredients will impart to them positive health benefits.

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

8.     Plaintiff is one of many thousands of persons who purchased Defendants' Coconut Lime Beverage, and other Cocofusion Beverages.

9.     The Beverages' Principal Display Panels' representations, by words displaying the names of the two fruits and by Vignettes depicting the two fruits, give reasonable consumers the reasonable impression and expectation that each one of the Beverages does in fact contain real fruit ingredients from the two represented fruits.

10.    The indication from the juxtaposition of the words in bold uppercase letters on the Principal Display Panels of the Beverages that name the two fruits in each of the four Beverages, and the Vignettes on the Principal Display Panels of the Beverages that depict the two fruits in each of the four Beverages, convey the impression to reasonable consumers that each one of the four varieties of Cocofusion Beverages contains enough real fruit ingredients from a combination of the two identified fruits to independently characterize the Beverages.

11.    Despite consumers' reasonable expectations from the fact that the Principal Display Panels of each one of the Beverages gives consumers the reasonable impression that each Beverage does in fact contain real fruit ingredients from the two represented fruits, in reality, except for real fruit ingredients from coconuts whose real fruit ingredients are in fact actually contained in each of the four varieties of the Beverages, the Beverages do not contain real fruit ingredients, or do not contain enough real fruit ingredients, from limes, pineapples, raspberries, or mangos to independently characterize the Beverages, but instead are flavored by compounds that are created to mimic, masquerade, and counterfeit as the taste of real fruit ingredients from limes, pineapples, raspberries, and mangos.

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

12.     The "*Food Drug and Cosmetic Act*", 21 U.S.C §§ 301 *et seq.* (hereafter also referred to as "*FDCA*"), the federal Food and Drug Administration's (hereafter also referred to as "FDA"), has promulgated comprehensive regulations pertaining to requirements for food labeling pursuant to the authority granted to the FDA by the *FDCA*, 21 C.F.R. § 101.1 *et seq.* (hereafter also referred to as "FDA Regulations"), and the State of California law relating to food labeling known as the *Sherman Food, Drug and Cosmetic Law*, California *Health and Safety Code* § 109875, *et seq.* (hereafter also referred to as the "*Sherman Law*") (hereafter "*FDCA,*" "FDA Regulations", and "*Sherman Law*" also collectively referred to as "Federal and State Food Labeling Laws") are the applicable federal law, federal regulations, and state law relating to food labeling that are relevant to analyzing Defendants' food labeling compliance.

13.     The *FDCA*, and its implementing regulations adopted by the FDA, has been independently adopted by the *Sherman Food, Drug and Cosmetic Law*, California *Health and Safety Code* § 109875, *et seq.*  See California *Health & Safety Code* §§ 110100(a), 110380, 110505 (adopting the FDA standards).

14.     California's *Sherman Law* mirrors the *FDCA* and the FDA Regulations, and as a result California food labeling laws and federal food labeling laws and regulations are identical.

15.     In order to be in compliance with Federal and State Food Labeling Laws, Defendants are required to comply with the Flavoring Regulations that require disclosure to consumers, on the front labels of the Beverages (hereafter also referred to as "Principal Display Panels" in the plural or "Principal Display Panel" in the singular), that if any Beverage has names and images of a fruit or fruits on the Principal Display Panel, and the Beverage lacks real fruit ingredients from the displayed fruit or fruits or not enough real fruit ingredients to independently characterize the Beverage, but is instead is flavored by compounds that mimic the taste of the real fruit ingredients, then the word "flavored" in letters

4

not less than one-half the height of the letters of the primary characterizing ingredient must appear on the Beverage's Principal Display Panel after the name of any fruit or fruits that do not contain real fruit ingredients or not enough real fruit ingredients to independently characterize the Beverage.

16.     Defendants' labeling, advertising, and sale of the Cocofusion Beverages are therefore false and misleading and in violation of the Flavoring Regulations because of Defendants' failure to add the word "flavored" on the Beverages' Principal Display Panels, except after the word coconut whose real fruit ingredients are contained within the Beverages, after the words limes, pineapples, raspberries, and mangos whose real fruit ingredients are not contained within the Beverages.

17.     In order for Defendants to be in compliance with State and Federal Food Labeling Laws, and to truthfully convey to consumers the fact that one of the two real fruit ingredients is not contained in the Beverages, but that the Beverages are instead "flavored" by compounds that are created to mimic and masquerade as the tastes of the flavors of real fruit, Defendants should have labeled the Beverages in compliance with the Flavoring Regulations and added the word "flavored" after the fruit ingredients that are not actually contained, or that are not actually contained in enough quantity to independently characterize the Beverages, as follows: (1) Andes Coconut, and Lime Flavored; (2) Puna Coconut, and Pineapple Flavored; (3) Maui Coconut, and Raspberry Flavored; and, (4) Malawi Coconut, and Mango Flavored.

18.     In order to comply with federal and state food labeling laws and regulations, Defendants must disclose to consumers the fact that one of the two represented real fruit ingredients in each one of the Beverages does not in fact consist of real fruit ingredients, or enough real fruit ingredients, but is instead "flavored" by compounds that are created to mimic and masquerade as the tastes of the flavors of real fruit ingredients.

5

19.     Plaintiff alleges that Defendants' failure to comply with federal food and food labeling laws and regulations independently gives rise to State of California's statutory causes of action pursuant to the *Consumer Legal Remedies Act* (hereafter also referred to as "*CLRA*"), the *False and Misleading Advertising Law* (hereafter also referred to as "*FAL*"), and the *Unfair Competition Law* (hereafter also referred to as "*UCL*"), as well as a claim pursuant to the State of California's common law claim of unjust enrichment.

20.     Before filing this lawsuit, Plaintiff wrote to the President of BAI BRANDS, LLC, Ken Kurtz advising him of the mislabeling and false advertising of the "Antioxidant Cocofusion Andes Coconut Lime Beverage" and other Cocofusion Beverages.  Neither Mr. Kurtz, nor any other employee of BAI ever responded to this correspondence.  A true and correct copy of Plaintiff's October 25, 2018 correspondence is attached hereto as Exhibit "A."

### PARTIES

21.     Plaintiff DANIEL SCHWARTZ is an individual consumer residing in Los Angeles County, California and is a citizen of the State of California.  At all times herein, Plaintiff held the reasonable belief that Defendant's Antioxidant Cocofusion Andes Coconut Lime Beverage contained lime.  Based on that reasonable belief, Plaintiff would regularly purchase the Beverages at various times throughout the Class Period, most recently in October of 2018 at Ralphs, a store located at 25 East Alameda Avenue, Burbank, California.  Plaintiff never received any notice during any of his purchases of the Coconut Lime Beverage that the Coconut Lime Beverage did not contain lime, or enough lime to independently characterize the Coconut Lime Beverage.  Plaintiff would not have purchased the Coconut Lime Beverage, or any of the other Cocofusion Beverages, but for Defendants' false, deceptive, and misleading advertisement and failure to disclose, in violation of California law, that its Coconut Lime

Beverage contained lime, and that the other Cocofusion Beverages contained, pineapple, raspberry, or mango.

22.    Defendant BAI BRANDS, LLC ("BAI") is a New Jersey limited liability company located at 1800 East State Street, Suite 153, Hamilton, New Jersey 08609.  BAI  manufactures, advertises, sells, distributes, and markets a line of beverages (including, but not limited to, sodas, bottled water, iced tea, and fruit flavored drinks) as alleged herein nationwide, including in California.

23.    Defendant KEURIG DR PEPPER, INC. (KDP) is a Delaware Corporation with its headquarters at 53 South Avenue, Burlington, Massachusetts 01803.  KDP is a leading coffee and beverage company in North America, with annual revenues in excess of $11 billion.  KDP brands include, among others, BAI, which was acquired by KDP in November 2016 for $1.7 billion.  Plaintiff is informed and believes and thereon alleges that BAI is a wholly owned subsidiary of KDP.

**JURISDICTION AND VENUE**

24.    This Honorable Court has subject matter jurisdiction over this Class Action under the *Class Action Fairness Act of 2005* (hereafter also referred to as "CAFA") since "the matter in controversy exceeds the sum or value of $5 million exclusive of interest and costs, and Plaintiff, a citizen of the State of California, is a citizen of a State different from any Defendant."  28 U.S.C. § 1332 (d)(2). Additionally, the number of Class Members in this Class Action exceeds one hundred (100).  28 U.S.C. § 1332 (d)(5).  CAFA requires that "the claims of the individual members shall be aggregated" for purposes of determining the amount in controversy in class actions.  28 U.S.C. § 1332 (d)(6).  Plaintiff is informed and believes and thereon alleges that the total amount in dispute, in controversy, exceeds $5 million.  The good faith basis for Plaintiff's information and belief regarding the amount in controversy is based on the following facts: (1) BAI

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

launched nationally in 2014; (2) in 2016 BAI was purchased by KDP for $1.7 billion; (3) BAI's net sales in 2017 were estimated to be $425 million; (4) Defendants' flavored beverages, which include the four Cocofusion Beverages at issue in this Lawsuit, are sold in stores throughout the State of California; (5) Defendants' flavored beverages, which include the four Cocofusion Beverages at issue in this lawsuit, are also sold through online internet sales to residents of the State of California; (6) the population of the State of California represents ~~over~~ approximately 12% of the national population; (7) Plaintiff can estimate therefore that BAI's sales in the State of California were at least $48-50 million dollars in 2017; (8) BAI sells 27 different flavored beverages; and, Plaintiff's lawsuit involves four of those beverages, i.e., the Cocofusion Beverages.  Therefore, Plaintiff can estimate that California sales of  the four Cocofusion Beverages at issue in this lawsuit amount to at least $6 million in 2017.  This aggregate damage estimate does not account for sales in 2018, 2019 or from 2014 through 2016.  In this Class Action lawsuit, Plaintiff seeks damages on behalf of the Class Members who purchased any of Defendants' four Cocofusion Beverages at issue in this Lawsuit anytime from October 25, 2015 to the present.  Assuming BAI's sales remained constant, Plaintiff estimate**s** that BAI's net sales in the State of California from 2017 through 2019 for the four Cocofusion Beverages at issue in this lawsuit would be at least $18 million. This amount does not include BAI's sales of the four Cocofusion Beverages in California during 2014, 2015 and 2016 prior to KDP's acquisition of BAI.  As such, Plaintiff alleges in good faith that the total sales of the four Cocofusion Beverages, at issue in this lawsuit, in the State of California exceed $5,000,000.  Plaintiff will be able to provide precise sales figures once discovery is obtained from Defendants who are in possession of such information.

25.     Venue is proper before this Honorable Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

in this Judicial District and because (a) Defendants are authorized to conduct business in this Judicial District and intentionally availed itself of the laws and markets within this Judicial District through the promotion, marketing, distribution and sale of the Beverages; (b) Defendants conduct substantial business in this Judicial District; and (c) Defendants are subject to personal jurisdiction in this Judicial District.

**FEDERAL AND STATE FOOD LABELING LAWS**

26.     The "*FDCA*" is a federal statute that comprehensively, but not exclusively, regulates the sale of food to consumers.

27.     One of the purposes for the enactment of the *FDCA* was to prevent consumer deception in food labeling.

28.     The *FDCA* prohibits the misbranding of food.  21 U.S.C. §331(b).

29.     The *FDCA* prohibits "misbranded foods in interstate commerce.  The term "food" means "articles used for food or drink for man...."  21 U.S.C. § 321(f).

30.     The *FDCA* vests the FDA with the authority to ensure that foods are "properly labeled."  21 U.S.C. § 393(b)(2)(A).

31.     One way a food can be misbranded is if its labeling is "false or misleading in any particular."  21 U.S.C. § 343(a)(1).

32.     The Food and Drug Administration (hereafter also referred to as " FDA"), pursuant to the authority granted to it by the *FDCA*, has promulgated comprehensive regulations pertaining to requirements for food labeling (hereafter also referred to as "FDA Regulations").  21 C.F.R. § 101.1 *et seq*.

33.     The FDA has promulgated regulations in Title 21 of the *Code of Federal Regulations* to implement the *FDCA*.

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

34.     The FDA's flavoring regulations govern the labeling of flavors on food labels (hereafter also referred to as "FDA Flavoring Regulations" or "Flavoring Regulations") where the food does not contain the actual food ingredients, or enough of the actual food ingredients that are identified on the Principal Display Panel of the food to independently characterize the food.  21 C.F.R. 101.22.

35.     The *Code of Federal Regulations* provides that if the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:

> "(1) If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., "vanilla", in letters not less than one-half the height of the letters used in the name of the food, except that:
> (i) If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in "strawberry shortcake," and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake."
> ...
> (iii) If the food contains both a characterizing flavor from the product whose flavor is simulated and other natural flavor which simulates, resembles or reinforces the characterizing flavor, the food shall be labeled in accordance with the introductory text and paragraph (i) (1)(i) of this section and the name of the food shall be immediately followed by the words "with other natural flavor" in letters not less than one-half the height of the letters used in the name of the characterizing flavor.

21 C.F.R. §101.22, *et seq.*

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

36.     If the label of a food "makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means," then "such flavor shall be considered the characterizing flavor and shall be declared" in specific ways.  21 U.S.C. § 101.22(i).

37.     The characterizing flavor must be "followed by the word 'flavored' in letters not less than on-half the height of the letters in the name of the characterizing flavor."  21 U.S.C. § 101.22(i)(I)(I).

38.     The Flavoring Regulations provide that if a food does not contain the characterizing ingredient, or enough of the characterizing ingredient to independently characterize the food in accordance with the actual food ingredient identified on the label, then the food label must comply with the Flavoring Regulations and place the word "flavored", in letters not less than one-half the height of the letters of the primary characterizing ingredient, immediately after the name of the primary characterizing ingredient whose ingredient is not contained within the food.

39.     The Flavoring Regulations impose a duty on Defendants to disclose to the consuming public, that except for coconut, since the Beverages do not in fact contain real fruit ingredients from limes, pineapples, raspberries, and mangos, or enough of real fruit ingredients from limes, pineapples, raspberries, or mangos to independently characterize the Beverages, but instead are flavored by flavor compounds that are created to mimic and masquerade as the taste of the real fruit ingredients from limes, pineapples, raspberries, and mangos, then the Principal Display Panels of the Beverages must indicate this fact by stating the word  "flavored" immediately after the words, lime, pineapple, raspberry and mango.

40.     Defendants' labeling, advertising, and sale of the Cocofusion Beverages are therefore false and misleading and in violation of the Flavoring Regulations because of Defendants' failure to add the word "flavored" on the Beverages' Principal Display Panels, except after the word coconut whose real fruit ingredients are contained within the Beverages, after the words limes, pineapples, raspberries, and mangos whose real fruit ingredients are not contained within the Beverages, or not enough of the real fruit ingredients from limes, pineapples, raspberries, or mangos are contained within the Beverages.

41.     In order for Defendants to be in compliance with State and Federal Food Labeling Laws, and to truthfully convey to consumers the fact that one of the two real fruit ingredients is not contained, or not enough of the real fruit ingredients are contained in the Beverages to independently characterize the Beverages, Defendants should have labeled the Beverages in compliance with the Flavoring Regulations and added the word flavored after the fruit ingredients that are not actually contained in the Beverages, or that are not contained in a sufficient amount to independently characterize the Beverages, as BAI Antioxidant Cocofusion: (1) Andes Coconut, and Lime Flavored; (2) Puna Coconut, and Pineapple Flavored; (3) Maui Coconut, and Raspberry Flavored; and, (4) Malawi Coconut, and Mango Flavored.

42.     Defendants deceive consumers by failing to comply with Federal and State Food Labeling Laws which require Defendants to inform consumers that if the Beverages do not contain real fruit ingredients from any of the displayed real fruits, or do not contain enough real fruit ingredients from any of the displayed real fruits, then Defendants must comply with federal regulations relating to "flavorings" that require Defendants to include the word "flavored"on the front label of any Beverage after any named fruit whose real fruit ingredients are not contained in the Beverage, or not enough real fruit ingredients are contained in

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

the Beverage to independently characterize the Beverage.

43.     If the food does not in fact contain any of the charactering ingredient, or not enough characterizing ingredient to independently characterize the food, then the food must be labeled in accordance with the flavoring regulations.  21 U.S.C. § 101.22(i).

44.     The Beverages contain flavors that mimic the taste of the flavor of the fruit identified on the Labels.

45.     Defendants' Beverages are misbranded and unlawfully labeled as a result of Defendants' failure to disclose on the Label of their Beverages that the Beverages are flavored by natural flavors and do not in fact contain any of the charactering ingredient, the fruit or fruit juice, identified on the Label, or not enough of the fruit or fruit juice to independently characterize the Beverages.

46.     Since the front panel of Defendants' Beverages makes no reference to flavors, the Beverages are misbranded.

47.     By characterizing its Coconut Lime Beverage, as well as its other Cocfusion Beverages in this manner, Defendant has, and continues to, mislabel and falsely advertise their Beverages in violation of California law.

48.     If the food does not in fact contain any of the charactering ingredient, or not enough of the characterizing ingredient to independently characterize the food, then the food must be labeled in accordance with the flavoring regulations.  21 U.S.C. § 101.22(i).

49.     In order to comply with the flavoring regulations, if lime is the characterizing flavor, the words "lime flavored" must appear prominently on the front label.

50.     California's Sherman Law, which has independently adopted the *FDCA* and its implementing regulations adopted by the FDA, provides that: "Any food is misbranded if its labeling is false or misleading in any particular."   See

13

California *Health & Safety Code,* Article 6, Section 110660.

51.     California's *Sherman Law* mirrors the *FDCA* and the FDA Regulations, and as a result California food labeling laws and federal food labeling laws and regulations are identical.

52.     Plaintiff does not allege causes of action under the *FDCA* and regulations promulgated by the FDA.  Plaintiff relies on the *FDCA* and the regulations promulgated by the FDA only to the extent that such laws and regulations have been independently and separately enacted as state laws or regulations and also provide a basis of liability under California state statutory and state common law.

53.     Plaintiff is suing for Defendants' conduct that violates the *FDCA.*

54.     Plaintiff is not suing because Defendants' conduct violates the *FDCA.*

55.     Plaintiff is suing because Defendants' conduct violates California Law.

56.     Plaintiff's state law claims are not preempted by the federal law because California law mirrors federal law and therefore Federal and State Food Labeling Laws both prohibit misbranded foods in an identical manner.

57.     In making food purchasing decisions, reasonable consumers reasonably rely on the name of the Beverages on the food labels, including the images on the Beverages, to inform them as to the Beverages' flavorings and ingredients.

58.     The presence of real fruit ingredients in food products, a premium ingredient, has a material bearing on consumers' purchasing decisions.

59.     When consumers purchase food products that are labeled as containing a fruit ingredient, the consumers reasonably believe that the food products do, in fact contain the particular food ingredient.

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

60.     When consumers purchase such foods, the foods are considered misbranded because they lead consumers to believe that the foods contain the specific food ingredients, when in fact they do not.

61.     Consumers are harmed when they are induced to purchase and pay a price premium for food products based on untrue and misleading statements on food labels.  The injury results from the absence of the fruit ingredients, or the absence of enough of the food ingredients to independently characterize the Beverages. Plaintiff relied upon the label representations and would not have purchased the Beverages, or would have only been willing to pay a substantially reduced price for the Beverages, had Plaintiff known that the representations were false and misleading.

**CLASS ACTION ALLEGATIONS**

62.     Plaintiff brings this action pursuant to Rule 23 of the *Federal Rules of Civil Procedure* on behalf of the following proposed class:

> "All persons who purchased the Cocofusion Beverages between October 25, 2015 and the present."

63.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

64.     Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers or entities controlled by Defendants, and their heirs, successors, assigns or other persons or entities related to, or affiliated with Defendants and/or their officers and/or directors, the judge assigned to this instant action, and any member of the Judge's immediate family.

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

65. **Numerosity.** The Members of the Class are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff alleges that the Class contains many hundreds of thousands of Members. The precise number of Class Members is unknown to Plaintiff. The true number of Class Members is known by Defendants, however, and thus may be notified of the pendency of this instant action by first class mail, electronic mail or published notice.

66. **Existence and predominance of common questions of fact and law.** Common questions of fact and law exist as to all Members of the Class and predominate over any questions affecting only individual Class Members. These common legal and fatual questions include, but are not limited to, the following:

(A) Whether Defendants own or exercise complete and unbridled control over the advertising and distribution of the Beverages;

(B) Whether Defendants violated California's *Consumer Legal Remedies Act* (the "*CLRA*");

(C) Whether Defendants violated California's *False Advertising Law*, *Business and Professions Code* §17500, *et seq.*, (the "*FAL*");

(D) Whether Defendants violated the "unlawful" prong of California's *Unfair Competition Law*, *Business and Professions Code* §17200, et seq., (the "*UCL*");

(E) Whether Defendants violated the "unfair" prong of the *UCL*;

(F) Whether Defendants violated the "fraudulent" prong of the *UCL*;

(G) Whether Defendants breached a contract for the sale of the Beverages;

(H) Whether Defendants acts were committed knowingly;

(I) Whether Defendants were unjustly enriched;

(J) Whether Plaintiff and the Members of the Class have sustained

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

1   monetary loss and the proper measure of that loss;

2       (K)   Whether Plaintiff and the Members of the Class are entitled to

3   punitive damages; and,

4       (L)   Whether Plaintiff and the Members of the Class are entitled to

5   declaratory and injunctive relief.

6       67.   **Typicality.**  Plaintiff's claims are typical of the claims of the

7   Members of the Class in that Defendants deceived Plaintiff in the very same

8   manner that they deeived each Member of the Class.

9       68.   **Adequacy of representation.**  Plaintiff will fairly and adequately

10  protect the interests of the Class.  Plaintiff has retained counsel highly

11  experienced in complex consumer class action litigation, and Plaintiff intends to

12  vigorously prosecute this action.  Further, Plaintiff has no interests that are

13  antagonistic or in conflict with those of the Members of the Class.

14      69**.**   **Superiority.**  A class action is superior to all other available means

15  for the fair and efficient adjudication of this controversy.  The damages or other

16  financial detriment suffered by individual Class Members is relatively small

17  compared to the burden and expense that would be involved in individual

18  litigation of their claims against Defendants.  It would, thus, be virtually

19  impossible for the Class, on an individual basis, to obtain effective redress for the

20  wrongs committed against them.  Furthermore, even if Class Members could

21  afford such individualized litigation, the court system could not.  Individualized

22  litigation would create the damger of inconsistent or contradictory judgments

23  arising from the same set of facts.  Individualized litigation would also increase

24  the delay and expense to all parties and the court system from the issues raised by

25  this instant action.  By contrast, the class action device provides the benefits of

26  adjudication of these issues in a single proceeding, economies of sale and

27  comprehensive supervision by a single United States District Court, and presents

1    no unusual management difficulties under the circumstances herein.

2         70.    In the alternative, the Class may also be certified because:

3         (A)    The prosecution of separate actions by individual Class Members

4    would create a risk of inconsistent or varying adjudication with respect to

5    individual Class Members that would establish incompatible standards of conduct

6    for Defendants;

7         (B)    The prosecution of separate actions by individual Class Members

8    would create a risk of adjudications with respect to them that would, as a practical

9    matter, be dispositive of the interests of other Class Members not parties to the

10   adjudications, or substantially impair or impede their ability to protect their

11   interests; and,

12        (C)    Defendants have acted or refused to act on grounds generally

13   applicable to the Class as a whole, thereby making appropriate final declaratory

14   and injunctive relief with respect to the Members of the Class as a whole.

15        71.    Alternatively, certain issues relating to Defendants' liability may be

16   certified pursuant to *Federal Rule of Civil Procedure*, 23 (b)(2).

17        72.    Alternatively, certain issues relating to Defendants' liability may be

18   certified pursuant to *Federal Rule of Civil Procedure*, 23 (c)(4).

19

20                              **LEGAL CLAIMS**

21                          **FIRST CLAIM FOR RELIEF**
                    **(Violation of the *Consumer Legal Remedies Act*)**

22

23        73.    Plaintiff refers to and incorporates by this reference paragraphs 1

24   through 72 of this Complaint as though fully set forth herein.

25        74.    The *CLRA* "shall be liberally construed and applied to promote its

26   underlying purposes, which are to protect consumers against unfair, unlawful,

27   misleading and deceptive business acts and practices and to provide efficient and

     economical procedures to secure such protection."  California *Civil Code* §1760.

18

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

75.     Plaintiff and Class Members are consumers as defined by California *Civil Code* §1761 (d).

76.     Each one of the four varieties of Beverages is a good as defined by California *Civil Code* § 1761 (a).

77.     Defendants violated and continue to violate the *CLRA* by engaging in the following acts and practices proscribed by California *Civil Code* §1770 (a) in transactions that were intended to result in, and did result in, the sale of goods to consumers, including Plaintiff and Class Members:

(A)     Representing that the Beverages have characteristics and ingredients that they do not have.  California *Civil Code* §1770(a)(5).

(B)     Misrepresenting the standard, quality, or grade of goods sold. California *Civil Code* §1770(a)(5).

(C)     Advertising the Beverages with the intent not to sell them as advertised. California *Civil Code* §1770(a)(9).

78.     Despite being labeled and characterized as a Coconut Lime Beverage, a Coconut Pineapple Beverage, a Coconut Raspberry Beverage, and a Coconut Mango Beverage, the Beverages entirely lack real fruit ingredients, or lack enough real fruit ingredients to independently characterize the Beverages from one of its primary characterizing ingredients from limes, pineapples, raspberries, or mangos.  By characterizing their Beverages in this manner, Defendants have and continue to mislabel and falsely advertise the Beverages in violation of Federal and State Food Labeling Laws.

79.     On or about October 25, 2018, Plaintiff made a formal demand pursuant to the *CLRA*, California *Civil Code* §1750, *et, seq.*, to Defendants to: (1) immediately cease the unlawful, misleading and deceptive advertising described herein; and (2) provide Plaintiff, and a putative class of similarly situated consumers, refunds for their purchases.  Please see Exhibit "A."  In his

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

correspondence, Plaintiff further notified Defendants that failure to cease the deceptive labeling described therein and remunerate Plaintiff and similarly affected consumers within thirty days would entitle Plaintiff to bring a claim for damages pursuant to California *Civil Code* §1780.  Defendants did not respond within thirty days, and as of the date of this Complaint, still has not responded to Plaintiff's October 25, 2018 correspondence.

80.     California's *Sherman Food, Drug, and Cosmetic Law* (the "*Sherman Law*"), Article 6, Section 110660 provides that: "Any food is misbranded if its labeling is false or misleading in any particular."

81.     Defendants market, advertise and sell its Coconut Lime Beverage in which lime is presented as one of the characterizing ingredients despite the fact that the Beverage contains no lime, or not enough lime to independently characterize the Beverage.

82.     It is undisputed that "lime" is one of the characterizing ingredients in this Beverage.  The term "lime" is used in the Beverage's name and appears in the vignette on the Beverage's Principal Display Panel. While the Beverage does contain real fruit ingredients from coconuts, it does not contain real fruit ingredients, or enough real fruit ingredients to independently characterize the Beverage, from limes.  Attached hereto as Exhibit "B" is a true and correct photograph depicting Defendant's Coconut Lime Beverage.

83.     When the food is expected to contain a characterizing ingredient which it does not contain, but rather is naturally flavored then the name of the characterizing flavor "shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor." In this instance, to comply with Federal and State Food Labeling Laws, the Beverage's Principal Display Panel should state "lime flavored."

84.     Notably, the Beverage is flavored by the addition of "natural flavors." Presumably, lime is among those flavors. If not, however, Defendants must indicate the Beverage is in part artificially flavored.  See, *Silva v. Unique Bev. Co., LLC*, No. 3:17-cv-00391-HZ, 2017 U.S. Dist. LEXIS 93625, at *1 (D. Or. June 15, 2017)("where none of the natural flavor used in the food is derived from the fruit identified as the characterizing flavor, the food may be labeled artificially flavored"). Moreover, the fact that Defendants state that the Beverage is also flavored "With Other Natural Flavors" does not exempt it from separately indicating on the front of package that the Beverage is either naturally or artificially lime flavored.

85.     Defendants' improper labeling is not limited to its Coconut Lime beverage, but rather pervades through Defendants' line of Cocofusion Beverages, including Puna Coconut Pineapple, Maui Coconut Raspberry, and Malawi Coconut Mango.  In each of these Beverages one of two characterizing ingredients is absent, or enough of the characterizing ingredient is not present to independently characterize the Beverages.  Defendants fails to properly disclose that the characterizing flavor is not imparted from the characterizing ingredient, but rather imparted from natural and/or artificial flavorings.

86.     Reasonable consumers rely on product labels in making their purchasing decisions.  The existence of such product diversity (naturally flavored, flavored with other natural flavors, artificially flavored and unflavored (because it contains its characterizing ingredient) demonstrates the materiality of Principal Display Panel to consumers and underscores the need for label accuracy. *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 328 (2011) ("[t]he marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label.")

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

87.     Indeed, the marketplace is replete with examples of participants properly differentiating between waters that are flavored by their characterizing ingredient and those that are not.  For example, VitaCoco, a marketplace competitor, sells Coconut water with lime.  Unlike Defendants, however, the product contains its characterizing ingredient and therefore does not, and should not, indicate that it is flavored.  Attached hereto as Exhibit "C" is a true and correct photograph depicting the VitaCoco Beverage.

88.     In sharp contrast to Defendants' misleading advertising, Perrier markets a sparkling lime water which like Defendants, does not contain its characterizing ingredient, or not enough of its characterizing ingredient to independently characterize the product, but rather is flavored with lime flavor and other natural flavors.  Unlike Defendants, however, Perrier, consistent with its legal obligations, indicates on the Principal Display Panel of the Beverages that the product contains "natural lime flavor" and "other natural flavors."  Attached hereto as Exhibit "D" is a true and correct photograph depicting the Perrier Beverage.

89.     The labeling of the Beverage, along with the other Cocofusion Beverages, violates the express mandates of each of these sections of the Federal *Food, Drug and Cosmetics Act*, the correlative mandates of the *Sherman Law* and is unfair and deceptive in violation of California *Civil Code* §1770.

90.     Pursuant to California *Civil Code* §1782(d), Plaintiff seeks an order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

91.     Pursuant to California *Civil Code* §1780(d), Plaintiff has prepared and attached an affidavit stating facts showing that this action has been commenced in a county described as a proper place for the trial.  See Affidavit of Daniel Schwartz attached hereto as Exhibit "E."

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

92.     Defendants have failed to rectify or agree to correct, repair, replace or otherwise rectify their violations of the *CLRA* within thirty days.  As such, Plaintiff seeks actual, punitive and statutory damages under the *CLRA*, as well as costs and attorney's fees pursuant to California *Civil Code* §1780(e) and California *Civil Code* §1021.5.

**SECOND CLAIM FOR RELIEF**
**(False and Misleading Advertising)**

93.     Plaintiff refers to and incorporates by this reference paragraphs 1 through 92 of this Complaint as though fully set forth herein.

94.     California's *False Advertising Law*, contained at *Business and Professions Code* §17500, *et seq*., makes it unlawful for:

(A) "any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to ... induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, ...in any ...advertising device, or ... n any other manner or means whatever, ...any statement, concerning that real...property ..., or concerning any circumstance or matter of fact connected with the proposed ... disposition thereof, which is untrue or misleading, and which is known, or whcih by the exercise of reasonable care should be known, to be untrue or misleading," or for

(B) "any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that ... property ..., professional or otherwise, so advertised at the price stated therein, or as so advertised."

23

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

95.    Through the conduct alleged herein, Defendants violated the *FAL* by advertising a Beverage with actual lime, inducing the public to enter into an obligation with respect to the purchase of Defendants' Coconut Lime Beverage. Defendants' advertisement of its Coconut Lime Beverage with lime was untrue and misleading, and Defendants knew, or through the exercise of reasonable care should have known, that such advertisement was untrue and misleading, because Defendants knew or should have known that the Coconut Lime Beverage did not contain lime, or did not contain enough lime to independently characterize the Coconut Lime Beverage.

96.    Moreover, Defendants made such false advertisements as part of a plan or scheme with the intent to sell the Beverages at a higher price than a truthfully advertised product would bring, in further violation of the *FAL*.

97.    Defendants' false, deceptive, and misleading advertisements regarding the true ingredients in the Beverages are likely to deceive, and in fact, did deceive, members of the public, including Plaintiff and the other Class Members, who reasonably and correctly believed that the Beverage contained lime, or enough lime to independently characterize the Coconut Lime Beverage and thus, were induced to purchase Defendants' Beverages through Defendants' false, deceptive, unlawful, unfair and misleading representations regarding the nature of Defendants' Beverages.

98.    Pursuant to California *Business & Professions Code* §17203, Plaintiff seeks an order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

**THIRD CLAIM FOR RELIEF**
**(Unfair Competition)**

99.    Plaintiff refers to and incorporates by this reference paragraphs 1 through 98 of this Complaint as though fully set forth herein.

100.    California's Unfair Competition Law, *Business and Professions Code* §17200, *et seq*., (the "*UCL*") prohibits unfair competition, which the statute defines as any business act or practice that is either: (1) unlawful, (2) unfair, or (3) fraudulent.

101.    Defendants' business acts and practices alleged herein violated the "unfair" prong of the *UCL* because the injury to consumers is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury that consumers themselves could reasonably have avoided.  Indeed, the consumer injury is substantial, amount to millions of dollars during the Class Period.  This substantial injury benefits only Defendants in the form of substantial increased revenues and does not benefit consumers or competition at all, but rather, harms law-abiding competitors through potential sales lost to Defendants due to Defendants' falsely advertised Beverages.   Finally, the substantial injury is not one that consumers themselves could reasonably have avoided.  Defendants make no disclosure that the Beverage does not contain lime, or enough lime to independently characterize the Beverage; and reasonable consumers have no reason to suspect that the information displayed on the Beverage packaging and labeling is anything other than what they expected to purchase.

102.    Defendants' business acts and practices as alleged herein were also unlawful in violation of the "unlawful" prong of the *UCL* because, as alleged herein, Defendants' business acts and practices constituted violations of the following: (a) the *CLRA*; (b) the *FAL*; (c) the *Sherman Law* and (d) the *Food,*

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

*Drug and Cosmetic Act.*

103.   Plaintiff reserves the right to allege other violations of law by Defendants, which constitute other fraudulent, unlawful or unfair business acts and practices in violation of the *UCL*.

104.   Defendants' unlawful, unfair and fraudulent business acts and practices in violation of the *UCL* were likely to deceive, and in fact, did deceive, members of the consuming public, including Plaintiff and the Members of the Class.

105.   Pursuant to the *UCL*, Plaintiff seeks an order enjoining Defendants' unlawful, unfair and fraudulent business acts and practices in violation of the *UCL* and for restitution and disgorgement of Defendants' ill-gotten proceeds.

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

106.   Plaintiff refers to and incorporates by this reference paragraphs 1 through 105 of this Complaint as though fully set forth herein.

107.   Plaintiff pleads this claim for relief in the alternative.

108.   Plaintiff and the Class Members conferred a substantial monetary benefit upon Defendants consisting of the difference between Defendants' advertised Beverage and the actual Beverages Plaintiff and the Class Members purchased.

109.   Defendants voluntarily accepted and retained that substantial monetary benefit that it unlawfully collected from Plaintiff and Members of the Class.

110.   Plaintiff and the Class Members would not have purchased the Beverages were it not for Defendants' false and misleading advertising scheme,

26

which deceived reasonable consumers into believing they would be purchasing the advertised Beverages, rather than the actual Beverages they purchased.

111.   Defendants have, thus, been enriched at the expense of Plaintiff and the Class Members by retaining the substantial monetary benefit that they unlawfully collected from Plaintiff and the Class Members.

112.   Under the circumstances it would be inequitable for Defendants to retain the substantial monetary benefit they unlawfully collected from Plaintiff and the Class Members.

113.   As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and the Class Members have suffered damages and are entitled to reimbursement, restitution and disgorgement in the amount necessary to restore them to the position they would have been in had Defendants not unlawfully advertised and sold the Coconut Lime Beverage without lime, or enough lime to independently characterize the Coconut Lime Beverage, or the other Cocofusion Beverages without one of their characterizing ingredient, or enough of their characterizing ingredient to independently characterize the Beverages.

114.   Plaintiff and the Class Members have no adequate remedy at law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for judgment as follows:

A.   Certifying the Class as respectfully requested herein; appointing Plaintiff DANIEL SCHWARTZ as Class Representative; and, appointing Hobson, Bernardino & Davis, LLP as Class counsel;

B.   Declaring that Defendants committed the violations alleged herein;

C.   Awarding Plaintiff and the Class compensatory damages according to proof at trial;

First Amended Complaint for Declaratory Judgment,
Injunctive Relief and Damages

D.     Awarding Plaintiff and the Class punitive damages according to proof at trial;

E.     Awarding restitution and disgorgement of Defendants revenues to Plaintiff and the Class;

F.     Awarding declaratory, injunctive and other equitable relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful acts and practices described herein, and directing Defendants to identify, with this Honorable Court's supervision, victims of Defendants conduct and pay them restitution and disgorge all monies Defendants acquired through any act or practice declared by this Honorable Court to be wrongful or unlawful;

G.     Awarding Plaintiff attorneys' fees and costs;

H.     Providing any and all additional legal and/or equitable relief that this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: August 12, 2019.       HOBSON, BERNARDINO & DAVIS, LLP
RAFAEL BERNARDINO, JR.
KELLAN R. MARTZ
ANDREW S. KIERSTEAD
JOHN M. KOENIG

LAW OFFICES OF PETER N. WASYLYK
PETER N. WASYLYK

*/s/ Rafael Bernardino, Jr.*
By:_____
Attorneys for Plaintiff Daniel Schwartz

28

# DEMAND FOR TRIAL BY JURY

Pursuant to *Federal Rule of Civil Procedure* 38(b) and the *Local Rules* of this Honorable Court, Plaintiff respectfully demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: August 12, 2019.

HOBSON, BERNARDINO & DAVIS, LLP
RAFAEL BERNARDINO, JR.
KELLAN R. MARTZ
ANDREW S. KIERSTEAD
JOHN M. KOENIG

LAW OFFICES OF PETER N. WASYLYK
PETER N. WASYLYK

*/s/ Rafael Bernardino, Jr.*
By:_____
Attorneys for Plaintiff Daniel Schwartz

29