Rafael Bernardino, Jr.      State Bar 118690
Kellan Martz               State Bar 291649
Andrew S. Kierstead        State Bar 132105
John Koenig                State Bar 132104
HOBSON, BERNARDINO & DAVIS, LLP
444 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: (213) 235-9197
Facsimile : (213) 235-9197
Email: rbernardino@hbdlegal.com

Peter N. Wasylyk          *Pro hac vice*
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
Email: pnwlaw@aol.com

Attorneys for Plaintiff DAVID SCHWARTZ

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DAVID SCHWARTZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>BAI BRANDS, LLC and DR PEPPER SNAPPLE BOTTLING GROUP<br><br><br>                    Defendants. | Case No. CV 19-6249 FMO (RAOx)<br><br>**PLAINTIFF DAVID SCHWARTZ MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF"S SECOND AMENDED COMPLAINT**<br><br>Date:        March 19, 2020<br>Time:        10:00 A.M.<br>Place:        Courtroom 6D<br><br>Before The Hon. Fernando M. Olguin |

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT............................. 1

    A.    Defendant's Labels are Accurately Described in the SAC............................. 1

    B.    Consumer Confusion Caused by Defendant's Labels............................. 3

    C.    Summary of Plaintiff's Arguments in Support of the SAC............................. 4

II.    THE LEGAL STANDARD FOR DECIDING A MOTION TO DISMISS IS WELL SETTLED AND NOT MET HERE. ........... 5

III.    ARGUMENT. ............................. 6

    A.    Plaintiff's Second Amended Complaint Contains Sufficient Factual Allegations To Plausibly Conclude, As A Matter Of Law, That Defendant's Labeling And Marketing Of Its Beverages Is Not In Compliance With Federal And State Food Labeling Laws And Regulations, And Therefore Conclusively States A Claim For Relief Under California's Consumer Protection Laws. ............................. 6

        1.    Defendant's Labeling And Marketing Of Its Beverages Does Not Comply With Federal And State Food Labeling Laws And Regulations Relating To The Proper Labeling Of Flavored Food Products. ............................. 6

        2.    Summary Of The Regulatory Framework Relating To Federal And State Food Labeling Laws, Regulations, And Flavoring Regulations. ........... 7

        3.    The SAC Properly Alleges That Lime, Pineapple, Raspberry, And Mango Are Characterizing Flavors And Not What Defendant Characterizes As Secondary Flavors. ........... 10

        4.    The Words "With Other Natural Flavors" On The Beverages Labels, After The Words, "Lime," "Pineapple," "Raspberry," Or "Mango" Does Not Exempt Defendant From Compliance With The Flavoring Regulations. ............ 11

        5.    Plaintiff's SAC Has Sufficiently Alleged That Defendant's Beverages Are "Commonly Expected" To Contain Real Fruit Ingredients From Their Characterizing Flavors. ............................. 12

i

6. Plaintiff's Comparator Products Supports The Allegations of Plaintiff's SAC That Defendant's Beverages Are Commonly Expected To Contain Real Fruit Ingredients From Their Characterizing Flavors. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

7. FDA Warning Letters Support the Allegations of Plaintiff's SAC That Defendant's Beverages Are Commonly Expected To Contain Real Fruit Ingredients And The Flavorings Regulations Apply To Defendant's Beverages. . . . . . . . . . . . . . . . . . . . . . . 17

8. The Determination Of Whether Or Not Reasonable Consumers "Commonly Expect" Defendant's Beverages To Contain Real Fruit Ingredients Is A Factual Question Whose Determination Cannot Be Made On A Motion To Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

B. Plaintiff's Second Amended Complaint Contains Sufficient Factual Allegations To Plausibly State, As A Matter Of Law, That Defendant's Labeling And Marketing Of Its Fruit-Flavored Waters Is Deceptive And Is Likely To, And Has In Fact Mislead Reasonable Consumers; Plaintiff's Claims Are Not Preempted Because Defendant's Beverages Are Not In Compliance With Federal Food Labeling Laws And Regulations, And Therefore Defendant Has Violated California State Consumer Protection Laws. . . . . . . . . . . 18

1. Defendant's Labels Have Mislead A Reasonable Consumer. . . . . . . . . . . . . . . . . . . . . . . . . 18

2. Plaintiff's SAC Properly Alleges That The Depiction And A Depiction Of A Fruit Image On The Beverages' Label Can Reasonably Convey A Message That The Beverages Do Contain Real Fruit Ingredients. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

3. Defendant's "Ingredient List Defense" Is Without Merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

4. The Plausibility Of Whether Or Not A Reasonable Consumer Would Likely Be Deceived By The Beverages' Front Labels Is A Question Of Fact That Is Not Amenable To A Determination On A Motion To Dismiss. . . . . . . . . . . . . . 22

C. Plaintiff Has Standing To Pursue Injunctive Relief. . . . . . . . . . . . . . 24

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

ii

# TABLE OF AUTHORITIES

**Statutory Authorities:**

California *Consumer Legal Remedies Act* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California *False and Misleading Advertising Law* . . . . . . . . . . . . . . . . . . . . 9

California *Health & Safety Code* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California *Unfair Competition Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Federal Rule of Civil Procedure* 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Food, Drug, and Cosmetic Act* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    21 U.S.C. §101.22(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 13, 15

    21 U.S.C. §331 et. seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    21 U.S.C. § 321(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    21 U.S.C. §331(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    21 U.S.C. § 343(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    21 U.S.C. § 393(b)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21 C.F.R. §101.22, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 13, 15

58 Fed. Reg. 2897, 2898 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Case Authorities:**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atlantic Corp. v. Trombly*,
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brumfield v. Trader Joe's Co.*,
2018 U.S. Dist. LEXIS 148397, at *5-6
(S.D.N.Y. Aug. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Bruton v. Gerber Prods. Co.*,
12-CV-02412-LHK, 2014 WL 172111 at *10
(N.D. Cal. Jan. 15, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Coe v. General Mills*,
No. 15-cv-05112-THE, 2016 WL4208287 at *5
(N.D. Cal. Aug. 10, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Cohen v. East West Tea Co., LLC,*
2018 U.S. Dist. LEXIS 130151 *9-10 . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Davidson v. Kimberly-Clark Corp.,*
889 F.3d 956 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

*Duran v. Hampton Creek,*
2016 U.S. Dist. LEXIS 41650, 2016 WL 1191685, at* 18-19
(N.D. Cal. Mar. 28, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

*Jones v. ConAgra Food, Inc.,*
912 F. Supp. 2d 889 (N.D. Cal. 2012). . . . . . . . . . . . . . . . . . . . . . . .   23

*Jou v. Kimberly-Clark Corp.,*
2013 U.S. Dist. LEXIS 173216, at *34
(N.D. Cal. Dec. 10, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

*Kanfer v. Pharmacare United States, Inc.,*
142 F. Supp. 3d 1091 (S.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . . . . .   18

*Kumar v. Salov North America Corp.,*
No. 14-CV-2411-YGR, 2015 WL457692 at *3
(N.D. Cal. Feb 3, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   23

*Kwikset Corp. v. Superior Court,*
51 Cal. 4th 310 (2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

*Lam v. General Mills, Inc.,*
859 F. Supp. 2d 1097 (N.D. Cal. 2012). . . . . . . . . . . . . . . . . . . . . . . .   21

*Linear Technology Corp. v. Applied Materials, Inc.,*
142 Cal. App. 4th 115 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 22

*Mantikas v. Kellogg Co.,*
910 F.3d 633 (2d Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

*McKinniss v. Sunny Delight Beverages, Co.,*
No. 07-CV-0203, 2007 WL 4766525
(C.D. Cal. Sept. 4, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*McKell v. Washington Mutual, Inc.,*
142 Cal. App. 4th 1457 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 22

*Red v. Kraft,*
No. 10-1028, 2012 U.S. Dist. LEXIS 164461,
2012 WL 550411, at *3 (C.D. Cal. Oct. 25, 2012). . . . . . . . . . . . . . .   20

*Ries v. Ariz. Bevs. USA LLC,*
287 F.R.D. 523 (N.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

iv

Plaintiff's Opposition to Defendant's Motion to Dismiss
Plaintiff's Second Amended Complaint

1    *United States v. Ninety-Five Barrels*,
    265 U.S. 438 (1824). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

2

3    *Werbel v. Pepsico, Inc.*,
    No. C 09-04456 SBA, 2010 U.S. Dist. LEXIS 76289, at *8
    (N.D. Cal. July 1, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

4

5    *Williams v. Gerber*,
    552 F.3d 934 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . 19, 21, 22

6

7    **Persuasive Authorities.**

    http:/www.fda.gov/ICEEi/Enforcement/Warning Letters/2010/ucm 207780.htm.   17
8

9    http:/www.fda.gov/ICEEi/Enforcement/Warning Letters/2010/ucm 225577.htm.   17

10    http:/www.fdalabelcompliance/Letters/ucm 293519.htm. . . . . . . . . . . . . . . . . .   18

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Opposition to Defendant's Motion to Dismiss
Plaintiff's Second Amended Complaint

1    David Schwartz (hereafter also referred to as "Plaintiff"), respectfully

2  submits his Memorandum of Points and Authorities in Opposition to defendant

3  Bai Brands, LLC's (hereafter also referred to as "Defendant") Motion to Dismiss

4  (hereafter also referred to as "Def. Mot.") Plaintiff's Second Amended Complaint

5  (hereafter also referred to as "SAC.")  For the reasons stated below, Plaintiff

6  respectfully submits that Defendant's Motion to Dismiss is without merit and

7  should be denied in its entirety.

8  **I.    PRELIMINARY STATEMENT.**

9    This case is about Defendant's deceptively labeled food products,

10  antioxidant fruit-flavored water beverages, that are labeled, marketed, and sold in

11  four flavor varieties: coconut lime, coconut pineapple, coconut raspberry, and

12  coconut mango.  Defendant markets its food products as a healthy antioxidant

13  beverage under the trade name of "bai ANTIOXIDANT COCOFUSION".

14    "Simply stated: labels matter. The marketing industry is based on the

15  premise that labels matter—that consumers will choose one product over another

16  similar product based on its label...."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th

17  310, 328 (2011).   The California Supreme Court's pronouncement that "labels

18  matter" affirms a position stated a long time ago by the United States Supreme

19  Court: "It is not difficult to choose statements, designs and devices which will not

20  deceive." *United States v. Ninety-Five Barrels*, 265 U.S. 438, 443 (1824).

21  Defendant's labels matter.

22  **A.    Defendant's Labels are Accurately Described in the SAC.**

23    Defendant is a manufacturer of a very popular, and moderately expensive,

24  line of antioxidant fruit-flavored  water beverages (hereafter also  referred to as

25  "Beverages") whose front labels are deceptive (hereafter also referred to as

26

27

1

1    "Label(s)") and mislead reasonable consumers to believe that the Beverages

2    contain real fruit ingredients.  SAC at ¶¶ 1, 2, 7, 37, 46.

3            The Beverages' Labels' do not comply with federal food labeling laws and

4    regulations (hereafter also referred to as "Food  Labeling Laws") that relate to

5    labeling of flavored foods (hereafter also referred to as "Flavoring Regulations").

6    SAC at ¶¶ 5, 6, 7, 9, 39.  Plaintiff Schwartz alleges that Defendant's deceptively

7    labeled Beverages violate the State of  California's consumer protection statutes

8    based on Defendant's noncompliance with the Flavoring Regulations.  SAC at ¶¶

9    9, 16, 17, 18, 27, 41.

10           Flavoring Regulations are detailed and  comprehensive, but the concept of

11   the Flavoring Regulations is simple: if a food product does not contain its

12   characterizing ingredient or ingredients, then the manufacturer must tell the

13   consumer on the food products' front label that it is flavored food product that is

14   flavored by one or more flavors, so that consumers will be informed as to the

15   qualities of the food product and not be confused as to the contents of the food

16   product.  Defendant's Beverages  do not contain lime, pineapple, raspberry, or

17   mango as real fruit ingredients and therefore  Defendant violates the Flavoring

18   Regulations in the labeling of Defendant's Beverages.

19           As such, Defendant unfairly and unlawfully capitalizes on consumer

20   demand for healthy products that contain antioxidants.  Defendant markets the

21   Beverages by prominently and conspicuously displaying on the Beverages'

22   Labels, the names, in bold uppercase letters, of two fruits: COCONUT LIME,

23   COCONUT PINEAPPLE, COCONUT RASPBERRY, and COCONUT MANGO.

24   SAC at ¶¶ 2, 4.  The Label on each of Defendant's Beverages also display a

25   vibrant large-sized color image of two fruits (hereafter also referred to as

26   "Vignette(s)"): a coconut and a lime; a coconut and a pineapple; a coconut and a

27   raspberry; and a coconut and a mango.  Additionally, the common name of each

Beverage is displayed on the Label of each Beverage as: ANDES COCONUT LIME, PUNA COCONUT PINEAPPLE, MAUI COCONUT RASPBERRY, and MALAWI COCONUT MANGO. The wording "with other natural flavors" immediately follows the common name of each Beverage.

**B.   Consumer Confusion Caused by Defendant's Labels.**

Defendant attempts to justify their failure to comply with the Flavoring Regulations by arguing that lime, pineapple, raspberry, and mango are not characterizing flavors, but are secondary flavors that are included as part of the "other natural flavors" in the Beverages.  Defendant's argument is without merit. Defendant's Labels hold out each of the four varieties of Beverages as containing two characterizing flavors: coconut [and] lime, coconut [and] pineapple, coconut [and] raspberry, and coconut [and] mango.

Unfortunately for the millions of consumers that purchase Defendant's Beverages, the Beverages that Defendants sell in the State of California and elsewhere, do not contain real fruit ingredients from the other fruits pictured and named on Defendant's Labels: i.e., there are no actual limes, pineapples, raspberries, or mangos; but instead contain "natural flavors" that provide for the characterizing lime, pineapple, raspberry and mango flavors.

As set forth in the SAC, Plaintiff has plausibly alleged that Defendant's Beverages' Front Labels are deceptive and mislead reasonable consumers to believe that the Beverages contain real fruit ingredients from limes, pineapples, raspberries, and mangos.  SAC at ¶¶ 7, 8, 39, 41.   Nonetheless, Defendant has moved to dismiss Plaintiff's Second Amended Complaint, arguing that no reasonable consumer could not be misled by Defendant's Beverages' Front Labels and that Plaintiff has not plausibly alleged that typical California consumers do not

expect that Defendant's Beverages are "commonly expected" to contain real fruit from limes, pineapples, raspberries, or mangos, and therefore Defendant is in compliance with the federal Food Labeling Laws and Flavoring Regulations ~~relating~~ applicable to flavored foods, such as Defendant's Beverages.  As explained more fully below, Defendant is mistaken on both of these arguments.

**C.    Summary of Plaintiff's Arguments in Support of the SAC.**

First, Plaintiff has sufficiently alleged, as a matter of law, that Defendant is not in compliance with the Flavoring Regulations and in particular that the Beverages are commonly expected to contain real fruit ingredients.  SAC at ¶¶ 5, 6, 7, 34, 35, 37, 45.  Accordingly, this Honorable Court should reject Defendant's argument for dismissal of Plaintiff's claims, since Plaintiff has plausibly alleged sufficient facts that indicate Defendant is not in compliance with the Flavoring Regulations and that Defendant's Beverages are commonly expected to contain real fruit ingredients.  SAC at ¶¶ 5, 6, 7, 34, 35, 37, 39, 45. Additionally, dismissal on a motion to dismiss is not proper since the determination of whether reasonable consumers commonly expect the Beverages to contain real fruit ingredients is a factual question that cannot be determined on a motion to dismiss, where the allegations of the complaint must be accepted as true.

Second, Plaintiff has sufficiently alleged, as a matter of law, that the Beverages' Labels are deceptive and mislead reasonable consumers to believe that the Beverages contain real fruit ingredients from lime, pineapple, raspberry, and mango.  SAC at ¶¶ 7, 46.  Plaintiff has plausibly alleged sufficient facts that indicate Defendant's Beverages' Labels' are deceptive and misleading.  SAC at ¶¶ 7, 8.  Additionally, dismissal on a motion to dismiss is not proper since the question of whether reasonable consumers can reasonably believe that the Beverages contain real fruit ingredients is a factual question whose determination cannot be made on a motion to dismiss.  Plaintiff respectfully requests that this Honorable Court  follow the decisions of numerous other courts involving food

4

labeling issues and hold that resolution of whether or not the Beverages' Labels are likely to deceive reasonable consumers is a question of fact for a jury, which this Honorable Court should not decide as a matter of law in the context of a motion to dismiss.

Third, this Honorable Court should also reject Defendant's argument for dismissal of Plaintiff claim for injunctive relief.  Plaintiff has standing to seek injunctive relief on behalf of himself and the putative class.  SAC at ¶ 49.  Plaintiff has sufficiently alleged that he would purchase the Beverages again if they were not misbranded, but Defendant's deceptive conduct has caused him not to trust the Beverages' labeling and has thereby deterred him from purchasing the Beverages. SAC at ¶ 49.  Plaintiff has sufficiently alleged an actual, imminent threat of future harm to satisfy the standing requirement for the remedy of injunctive relief.

Finally, Defendant attempts to avoid compliance with the Flavoring Regulations by: (1) vehemently and extensively arguing that the Beverages are not commonly expected to contain real fruit ingredients and therefore the Flavoring Regulations somehow do not apply; and, (2) implying that lime, pineapple, raspberry, and mango are not characterizing flavors, but instead are something that Defendant refers to as "secondary flavors", in order to argue that the Flavoring Regulations somehow do not apply.  Defendant's  attempt to complicate the application of the Flavoring Regulations by misinterpreting the concept of "commonly expected" and attempting to confuse the concept of "characterizing flavor(s)" are both without merit and contrary to well established precedent.  At best, this is another factual issue that will be decided by a jury, and cannot be decided in the context of a motion to dismiss.

## II.    THE LEGAL STANDARD FOR DECIDING A MOTION TO DISMISS IS WELL SETTLED AND NOT MET HERE.

A motion to dismiss, pursuant to *Federal Rule of Civil Procedure* 12(b)(6), is brought to test the legal sufficiency of a complaint's causes of action.  *See, e.g.,*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   The complaint only needs to allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Trombly*, 550 U.S. 544, 570 (2007).   Plaintiff need only assert factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. *supra,* at 555.   A claim is facially plausible when the alleged facts allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. *supra* at 678.   However, "[t]he plausibility standard [on a motion to dismiss] is not akin to a probability requirement." *Iqbal*, 556 U.S., *supra* at 1937.   Plaintiff needs only "nudge" their allegations "across the line from conceivable to plausible." *Twombly*, 550 U.S. *supra,* at 548.   Additionally, when considering a motion to dismiss, a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff(s) favor.

As set forth herein, the allegations in Plaintiff's SAC have set forth "enough facts to state a claim to relief that is plausible on its face."

## III.   ARGUMENT.

**A.   Plaintiff's Second Amended Complaint Contains Sufficient Factual Allegations To Plausibly Conclude, As A Matter Of Law, That Defendant's Labeling And Marketing Of Its Beverages Is Not In Compliance With Federal And State Food Labeling Laws And Regulations, And Therefore Conclusively States A Claim For Relief Under California's Consumer Protection Laws.**

**1.   Defendant's Labeling And Marketing Of Its Beverages Does Not Comply With Federal And State Food Labeling Laws And Regulations Relating To The Proper Labeling Of Flavored Food Products.**

The Flavoring Regulations simply require that if a food product identifies a food's charactering flavor(s) on its front label, but does not contain its characterizing ingredient(s), or enough of the characterizing ingredient(s) to independently characterize the food product, then the manufacturer has to tell the consumer that the food product is flavored; the manufacturer must communicate this important information by including on the food product's front label the word

6

"flavored"in letters not less than one-half the height of the letters of the primary

characterizing flavor(s) immediately following the name of the characterizing

flavor(s).   Defendant's labeling, advertising, and sale of the Beverages are

therefore false and misleading and in violation of the Flavoring Regulations

because of Defendant's failure to add the word "flavored" on the Beverages'

Labels after the words "limes," "pineapples," "raspberries," and "mangos," whose

real fruit ingredients are not contained in the Beverages, or not enough of the real

fruit ingredients are contained in the Beverages  to independently characterize the

Beverages.

 Natural flavors in food products usually contain many flavors.  Defendant

does not include any of these many natural flavors on the Beverages' Labels except

for the words "lime," "pineapple," "raspberry," and "mango" which unequivocally

indicates that lime, pineapple, raspberry, or mango are presented as each of the

particularly named Beverages' characterizing flavors.  Therefore, Defendant's

attempt to portray lime, pineapple, raspberry, or mango as anything other than the

Beverages' characterizing flavors is not credible.

**2. Summary Of The Regulatory Framework Relating To Federal And State Food Labeling Laws, Regulations, And Flavoring Regulations.**

 The *Food, Drug, and Cosmetic Act*, 21 U.S.C. §331 et. seq. (hereafter also

referred to as "FDCA") is a federal statute that comprehensively, but not

exclusively, regulates the sale of food to consumers.  One of the purposes for the

enactment of the FDCA was to prevent consumer deception in food labeling, and as

such the FDCA prohibits "misbranded foods in interstate commerce."  21 U.S.C.

§331(b).[1]  The FDCA vests the Food and Drug Administration (hereinafter referred

to as the "FDA") with the authority to ensure that foods are "properly labeled."  21

U.S.C. § 393(b)(2)(A).  One way a food can be misbranded is if its labeling is

---

[1]  The term "food" means "articles used for food or drink for man...."  21 U.S.C. § 321(f).

7

"false or misleading in *any* particular." 21 U.S.C. § 343(a)(1).  (Emphasis added.) The Flavoring Regulations were adopted to truthfully disclose to consumers if a food product is marketed as only a flavored product, and does not contain its flavor from actual real ingredients, but instead is merely flavored by compounds that mimic the flavor of real ingredients. In other words, the food product must disclose to consumers that the food product is flavored.

The Flavoring Regulations state:

> (i)    If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:

> (1)    If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., "vanilla", in letters not less than one-half the height of the letters used in the name of the food, except that:

> (i)    If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in "strawberry shortcake," and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake." ...

> (iii) If the food contains both a characterizing flavor from the product whose flavor is simulated and other natural flavor which simulates, resembles or reinforces the characterizing flavor, the food shall be labeled in accordance with the introductory text and paragraph (i)(1)(i) of this section and the name of the food shall be immediately followed by the words "with other natural flavor" in letters not less than one-half the height of the letters used in the name of the characterizing flavor.

21 C.F.R. §101.22, *et seq.*

The FDA's complex, comprehensive regulatory scheme governing characterizing flavor(s) was designed to prevent consumer confusion and to

8

1  truthfully disclose that if a product does not contain its characterizing flavor as an
2  ingredient, then the product has to include the word "flavored" after the name of
3  the characterizing flavor.

4  The Flavoring Regulations impose a duty on Defendants to disclose to
5  consumers, that with the exception of coconut, (since the Beverages do contain
6  coconut) Defendant's Beverages do not in fact contain real fruit ingredients from
7  limes, pineapples, raspberries, and mangos, or enough of real fruit ingredients from
8  limes, pineapples, raspberries, or mangos to independently characterize the
9  Beverages as such; but instead are flavored by flavor compounds that are created to
10  mimic and masquerade as the taste of limes, pineapples, raspberries, and mangos.
11  The Beverages' front Labels must indicate this fact by stating the word "flavored"
12  immediately after the words, "lime," "pineapple," "raspberry" and "mango."

13  Plaintiff alleges that Defendants' failure to comply with federal food and
14  food labeling laws and regulations independently gives rise to State of California's
15  statutory causes of action pursuant to the *Consumer Legal Remedies Act* (hereafter
16  also referred to as "*CLRA*"), the *False and Misleading Advertising Law* (hereafter
17  also referred to as "*FAL*"), and the *Unfair Competition Law* (hereafter also referred
18  to as "*UCL*"), as well as a claim pursuant to the State of California's common law
19  claim of unjust enrichment.

20  California's Sherman Law, which has independently adopted the *FDCA* and
21  its implementing regulations adopted by the FDA, provides that: "Any food is
22  misbranded if its labeling is false or misleading in any particular."   See California
23  *Health & Safety Code,* Article 6, Section 110660.  California's *Sherman Law*
24  mirrors the *FDCA* and the FDA Regulations, and as a result California food
25  labeling laws and federal food labeling laws and regulations are identical.

26  Plaintiff does not allege causes of action under the *FDCA* and regulations
27  promulgated by the FDA.  Plaintiff relies on the *FDCA* and the regulations

9

1   promulgated by the FDA only to the extent that such laws and regulations have

2   been independently and separately enacted as state laws or regulations and also

3   provide a basis of liability under California state statutory and state common law.

4   **3.    The SAC Properly Alleges That Lime, Pineapple, Raspberry, And**
        **Mango Are Characterizing Flavors And Not What Defendant**
5       **Characterizes As Secondary Flavors.**

6        FDA's determination of what constitutes a "characterizing flavor(s)" is

7   simple:  a flavor is a characterizing flavor if a food label makes any direct or

8   indirect representations with respect to the primary recognizable flavor(s), by word

9   or image of a fruit, for example; or the manufacturer or distributor designates the

10  type of flavor in the food other than through the statement of ingredients.

11  Defendant's Beverages  use the names and images of fruits on their Labels.  SAC at

12  ¶¶ 2, 3, 4.  As such, there is no question that lime, pineapple, raspberry, and mango

13  are considered the characterizing flavors of Defendant's Beverages under the

14  Flavoring Regulations.

15       Defendants' labeling, advertising, and sale of the Beverages at issue in this

16  action, are therefore false, misleading, and the Beverages are misbranded and not in

17  compliance with the Flavoring Regulations since the front Labels of Defendant's

18  Beverages fail to add the word "flavored" on the Beverages' front Labels after the

19  words "lime," "pineapple," "raspberry," and "mango," whose real fruit ingredients

20  are not contained within the Beverages, or not enough of the real fruit ingredients

21  of those fruits are contained within the Beverages.  SAC at ¶¶ 7, 8, 38, 39.

22       Plaintiff has more than plausibly alleged facts indicating that lime,

23  pineapple, raspberry, and mango are characterizing flavors pursuant to the plain

24  language of 21 C.F.R. 101.22(i)(1)(i) because Defendant puts the names and

25  images of limes, pineapples, raspberries, and mangos on its front Labels.  SAC at

26  ¶¶ 2, 4.  Defendant's attempt to argue that they are somehow "secondary flavors"

27  is disingenuous and evidences a cynical, but not so believable attempt, to confuse

10

1 the court on a simple and basic concept of what constitutes a characterizing

2 flavor(s).  Defendant's attempt to  second-guess the FDA and make an "end run"

3 around the Flavoring Regulations should not be countenanced.

4 **4.    The Words "With Other Natural Flavors" On The Beverages Labels, After The Words, "Lime," "Pineapple," "Raspberry," Or "Mango" Does Not Exempt Defendant From Compliance With The Flavoring Regulations**.

6        Defendant argues that the Beverages are fully compliant with the

7 requirements for describing "Other Natural Flavors."  This argument is inapposite.

8 Plaintiff has not alleged, and Defendant confirms in its motion to dismiss Plaintiff's

9 SAC, that Plaintiff has not alleged that Defendant has failed to comply with this

10 provision of the Flavoring Regulations.

11        Defendant may be attempting to imply that lime, pineapple, raspberry, and

12 mango are natural flavors that merely reinforce the coconut flavor and therefore

13 need only to be characterized by the "other natural flavor" wording and not

14 specifically identified on the Beverages' Labels as flavored by those fruits.

15 However, this cannot be the case because Defendant markets its Beverages in four

16 flavors, and those four flavors are unequivocally the characterizing flavors of the

17 Beverages.  If the Defendant did not characterize the Beverages, by placing names

18 and images of a lime, pineapple, raspberry, or mango on the Beverages Label, and

19 therefore elevate those four fruits to the status of characterizing flavors, then

20 Defendant would have been able to include the words "with other natural flavors"

21 after the word COCONUT, and would have been in compliance with the Flavoring

22 Regulations.  However, since the Defendant labeled and marked the Beverages as

23 characterized by lime, pineapple, raspberry, or mango, Defendant must comply

24 with the Flavoring Regulations, and place the word "flavored," after the names of

25 those four fruits, to truthfully and lawfully disclose to consumers that the

26 Beverages are flavored by those four fruits and do not contain actual real fruit

27 ingredients from those four fruits.

11

5.   **Plaintiff's SAC Has Sufficiently Alleged That Defendant's Beverages Are "Commonly Expected" To Contain Real Fruit Ingredients From Their Characterizing Flavors.**

Plaintiff has alleged that Defendant's Beverages are commonly expected to contain actual real fruit ingredients from expectations that arise from:

(1) the fact that the Beverages' Labels do not include the word "flavored" after the words identifying the characterizing flavors;

(2) the prominent and conspicuous display of words "LIME," "PINEAPPLE," "RASPBERRY," and "MANGO" identifying these four fruits, as the characterizing flavors;

(3) the prominent and conspicuous display of color images of the four fruits that are identified as the characterizing flavors; and,

(4) the prominent and conspicuous display of the word "ANTIOXIDANT," which creates the expectation that the Beverages contain real fruit ingredients that provide health benefits derived through antioxidants from real actual fruit ingredients.  SAC at ¶¶35, 44.

Plaintiff alleges in his SAC that Defendant's Beverages are expected to contain real fruit ingredients from the information and images that are conveyed to reasonable consumers from: (1) the juxtaposition of the words in bold uppercase letters on the Principal Display Panels of the Beverages that name the two fruits that are supposed to be contained in each of the four Beverages (coconut and lime, pineapple, raspberry or mango); (2) the Vignettes on the Principal Display Panels of the Beverages that depict the two fruits that are supposed to be contained in each of the four varieties of Defendant's Beverages; and, (3) the prominent display of the word "antioxidant."  SAC at ¶¶ 34-37.

Once a manufacturer labels a food product as a flavored food product and presents the food product as a flavored food product by presenting a characterizing flavor(s) on the food product's front label, the food product is "commonly expected" to contain real ingredients from the food product's characterizing

12

1  flavor(s).  21 U.S.C. §101.22(i).   If the food product does not contain real

2  ingredients from the food product's characterizing flavor(s), then the manufacturer

3  must comply with the Flavoring Regulations and inform consumers that the food

4  product is flavored by the characterizing flavor(s) and not by real fruit ingredients.

5  *Ibid.*  When a reasonable consumer looks at a flavored food product's label, the

6  question becomes: what does a reasonable consumer "commonly expect" with

7  respect to the composition of the food product's flavor?  A reasonable consumer

8  commonly expects that the product contains actual real ingredients.  Consumers

9  expect that Defendant will comply with the Flavoring Regulations and reasonable

10  consumers  commonly expect that there are actual real ingredients in the food

11  product, unless the food product's front label unequivocally includes the word

12  "flavored" after the name of the characterizing flavor(s).  Consumers rely on labels

13  and the material question of what a reasonable consumer commonly expects must

14  await a factual determination. See, e.g., *Cohen v. East West Tea Co., LLC*, 2018

15  U.S. Dist. LEXIS 130151 *9-10, (how a reasonable consumer would define

16  "kombucha' is a question of fact and the Court cannot conclude, as a matter of law,

17  that members of the public are not likely to be deceived by the product packaging.)

18      Defendant's allegations that a consumer does not expect lime, pineapple,

19  raspberry, or mango to be in a beverage that is labeled, lime, pineapple, raspberry,

20  or mango is not credible.  Defendant's are entitled to present factual evidence at a

21  later stage in the litigation to support any such allegations, however, at the pleading

22  stage, Defendant is not allowed to impose their "opinion" as to what a reasonable

23  consumer "commonly expects."  This Honorable Court is respectfully requested to

24  consider the following  illustration of what is "commonly expected": strawberry

25  shortcake is commonly expected to contain strawberries; almond milk is commonly

26  expected to contain almonds; mint tea is commonly expected to contain mint.

27      Plaintiff's SAC plausibly alleges that Defendant's Beverages are "commonly

expected" to contain its characterizing fruit flavors as actual real fruit ingredients.

13

SAC at ¶¶ 34-37. Defendant argues that its fruit-flavored waters are not commonly expected to contain actual real fruit ingredients. In the absence of any reference to the word "flavored" on the Beverages' front Labels, a reasonable consumer would assume that the Beverages are what they purport to be, i.e., contain actual real fruit ingredients, that provide the four characterizing flavors. The Flavoring Regulations exist and are in place precisely to prevent the misleading labels that Defendant portrays.

Plaintiff's SAC alleges that Defendant's Beverages are commonly expected to contain real fruit flavors, just as strawberry shortcake is commonly expected to contain strawberries. Despite Defendant's argument that coconut lime water is not the type of food, such as strawberry shortcake, that is commonly expected to contain real fruit, coconut lime is no different than strawberry shortcake. Plain Shortcake is not commonly expected to contain any particular fruit, just as water is not expected to contain any particular fruit. However, flavored shortcake, such as strawberry shortcake and flavored waters are commonly expected to contain real flavoring ingredients. As such, Coconut Lime water is commonly expected to contain real fruit ingredients (real coconut <u>and</u> real lime) just as strawberry shortcake is commonly expected to contain real strawberries.[2]

Defendant argues that if the label's use of the words, "lime," "pineapple," "raspberry," or "mango" or a vignettes of those four fruits sets the common expectation, then a determination of whether or not the flavoring regulations apply would be nonsense because every food label that references a primary recognizable flavor, but does not contain the ingredient which provides for the flavor, would have to include the word "flavored" on the label. Despite Defendant's surprise as

---

[2] Indeed, one can argue that water is commonly expected to contain real fruit on the basis that reasonable consumers frequently request real lemon or lime be placed in water at restaurants.

1  to this fact, that is exactly what the flavoring regulations require.  21 U.S.C. §

2  101.22 (i).

3    Defendant also argues that if the name and vignette of lime, pineapple,

4  raspberry, or mango on a food product's label is enough to establish a "common

5  expectation," then the flavoring regulation would be rendered meaningless.

6  Defendant's argument misses the mark.  The purpose of the Flavoring Regulations

7  is to disclose and inform consumers that if the product is flavored and does not

8  contain real ingredients to provide for its characterizing flavor, then the consumer

9  is entitled to know that the product is a flavored product.[3]

10  **6.  Plaintiff's Comparator Products Supports The Allegations of Plaintiff's SAC That Defendant's Beverages Are  Commonly Expected To Contain Real Fruit Ingredients From Their Characterizing Flavors.**

12    Defendant argues that "Plaintiff's allegations regarding supposed

13  'marketplace competitors' undermine any notion that there was - or could be - a

14  common expectation that these flavored waters contained lime, pineapple,

15  raspberry, or mango." Defendant argues further that "Plaintiff's own comparator

16  products demonstrate that there is a wide array of fruit-flavored beverages on the

17  market: some contain fruit ingredients; some contain fruit ingredients and natural

18  fruit flavors; and, some contain only natural fruit flavors with no fruit ingredients."

19    This wide variety of fruit-flavored drinks identified in Plaintiff's SAC

20  undercut the notion that Defendant's Cocofusion Waters are commonly expected to

21  contain, lime, pineapple, raspberry, or mango, as an ingredient, especially when

23    [3] To further illustrate the point that strawberry shortcake is not so unique, a cupcake, muffin, or coffee are not commonly expected to contain any particular flavoring.  However, once they are identified as a flavored cupcake (chocolate cupcake), a flavored muffin (blueberry muffin), or a flavored coffee (hazelnut coffee) they are then commonly expected to obtain their specific characterizing flavors from real ingredients, and if they do not, then the flavoring regulations come into play and require the word flavored after the common name of the product's charactering flavor(s).

1   one comparator does not contain lime ingredients at all.

2   Defendant's arguments miss the mark entirely.  The comparator products

3   support Plaintiff's position.  The fact that some do and some do not contain real

4   fruit ingredients makes compliance with the flavoring regulations even more

5   important.  In fact, Defendant's Beverages do in fact contain actual real fruit

6   ingredients: coconut.  The entire purpose for Flavoring Regulations is to not

7   confuse the consumer as to the contents of the Beverages.  How is a consumer not

8   to be confused when the Defendant labels its Beverages with coconut and lime and

9   contains one real fruit ingredient (coconut) , but does not contain the other, lime.

10  As such, Defendant's Beverages' Labels confuse the consumer and defeat the

11  intent of the Flavoring Regulations.

12  Additionally, many of Defendant's other marketed fruit-flavored beverages

13  actually do contain real fruit ingredients from the identified fruits.  Also, some of

14  Defendant's other beverages do comply with the Flavoring Regulations and display

15  the word flavored even though they contain real fruit ingredients, supposedly

16  because they do not contain enough real fruit ingredients to independently

17  characterize the beverages.  Defendant's other beverages (and the means and

18  method of their respective labeling and marketing) are an admission by the

19  Defendant that their similarly marketed beverages are "commonly expected" to

20  contain real fruit ingredients since Defendant's other beverages are made (and

21  marketed) to comply with the Flavoring Regulations.

22  Defendant attempts to impose its own opinion as to what a reasonable

23  consumer commonly expects are improper at this time and place.  At trial, the

24  defendant can attempt to support their opinion with survey information or other

25  evidence with respect to whether or not a reasonable consumer commonly expects

26  the Beverages to contain real fruit ingredients and whether or not the Beverages'

27  Front Labels mislead and deceive reasonable consumers into believing that the

Beverages contain real fruit ingredients from lime, pineapple, raspberry, and

16

1  mango.  However, those are other arguments for other times, and are not

2  appropriate at this stage of the proceedings where the allegations of the SAC must

3  be accepted as true and contrary evidence is not permitted.  See, e.g., *Linear*

4  *Technology Corp. v. Applied Materials, Inc.*, 142 Cal. App. 4th 115, 134-35

5  (2007)("Whether a practice is deceptive, fraudulent, or unfair is generally a

6  question of fact which which requires 'consideration and weighing of evidence

7  from both sides' and which usually cannot be made on demurrer") (quoting *McKell*

8  *v. Washington Mutual, Inc.*, 142 Cal. App, 4th 1457, 1472 (2006)).

9  **7.   FDA Warning Letters Support the Allegations of Plaintiff's SAC That
   Defendant's Beverages Are Commonly Expected To Contain Real Fruit**
10  **Ingredients And The Flavorings Regulations Apply To Defendant's
   Beverages.**

11  Plaintiff's theory of the case, and interpretation of the relevant statutes and

12  regulations is supported by the FDA, as the following examples demonstrate:

13  (1)   A March 30, 2010, FDA letter to Wisconsin Brother's Bakery, Inc.,

14  stated:

15  "...your Almond Kringle products do not contain almonds.  Because
   the name of the food is 'Almond Kringle,' almond is considered the
16  characterizing flavor of the food, and this flavor must be declared in
   accordance with 21 CFR 101.22(I)."

17

18  http:/www.fda.gov/ICEEi/Enforcement/Warning Letters/2010/ucm 207780.htm.

19  (2)   A September 8, 2010, FDA letter to Penguin Juice Company, Inc.

20  stated:

21  "Your ...Passion Fruit Juice Blend Concentrate product fails to
   accurately declare the characterizing flavor of this product.  As
22  required by 21 CFR 101.22(i)(1)(i), if the food is commonly expected
   to contain a characterizing food ingredient (e.g. passion fruit) and the
23  food contains no such ingredient, then the food shall be labeled either
   with the flavor of the product from which the flavor is derived or as
24  'artificially
   flavored'."

25  http:/www.fda.gov/ICEEi/Enforcement/Warning Letters/2010/ucm 225577.htm.

26  (3)   A February 16, 2011, FDA letter to Dobake Bakeries, Inc., stated:

27  "'...Raw Almond Croissants' and 'Banana Walnut Loaf Cake,'
   respectfully are false and misleading.  'Almond' and 'Banana' are the

17

characterizing flavors of these products as set forth in 21 CFR 101.22(i). However, the formulations of these products do not include almond or banana, respectively...and...must be identified in accordance with 21 CFR 101.22(i) to prevent these products from being false and misleading."

http:/www.fdalabelcompliance/Letters/ucm 293519.htm.

**8.    The Determination Of Whether Or Not Reasonable Consumers "Commonly Expect" Defendant's Beverages To Contain Real Fruit Ingredients Is A Factual Question Whose Determination Cannot Be Made On A Motion To Dismiss.**

The determination of whether reasonable consumers commonly expect the Beverages to contain real fruit ingredients is a factual question whose determination cannot be made on a motion to dismiss.   See, e.g., *Kanfer v. Pharmacare United States, Inc.*, 142 F. Supp. 3d 1091, 1103 (S.D. Cal. 2015) ("What a reasonable consumer would believe is rarely an appropriate subject for a motion to dismiss.")

**B.    Plaintiff's Second Amended Complaint Contains Sufficient Factual Allegations To Plausibly State, As A Matter Of Law, That Defendant's Labeling And Marketing Of Its Fruit-Flavored Waters Is Deceptive And Is Likely To, And Has In Fact Mislead Reasonable Consumers; Plaintiff's Claims Are Not Preempted Because Defendant's Beverages Are Not In Compliance With Federal Food Labeling Laws And Regulations, And Therefore Defendant Has Violated California State Consumer Protection Laws.**

**1.    Defendant's Labels Have Mislead A Reasonable Consumer**

The presence of real fruit ingredients in food products, a premium ingredient, has a material bearing on consumers' purchasing decisions.  When consumers purchase food products that are labeled as containing a fruit ingredient,  consumers reasonably believe that the food products do, in fact contain the particular food ingredient as advertised.  When consumers purchase such foods, the foods are considered misbranded because they lead consumers to believe that the foods contain the specific food ingredients, when in fact they do not.  Consumers are harmed when they are induced to purchase and pay a price premium for food products based on untrue and misleading statements on food labels.  The injury

18

1   results from the absence of the fruit ingredients, or the absence of enough of the

2   food ingredients to independently characterize Defendant's Beverages.

3       As set forth in the SAC, Plaintiff relied upon the label representations and

4   would not have purchased the Beverages, or would have only been willing to pay a

5   substantially reduced price for the Beverages, had Plaintiff known that the

6   representations were false and misleading.  SAC at ¶ 47.

7   **2.    Plaintiff's SAC Properly Alleges That The Depiction Of A Fruit Name
        And A Depiction Of A Fruit Image On The Beverages' Label Can**

8   **Reasonably Convey A Message That The Beverages Do Contain Real
        Fruit Ingredients.**

9       The FDA has indicated that vignettes of fruits can give consumers the

10  impression that a product contains those ingredients. The FDA has further

11  indicated that vignettes of fruits and vegetables can give consumers the impression

12  that a food product in fact contains real fruits and vegetables. [4]  In *Williams v.*

13  *Gerber*, 552 F.3d 934 (9th Cir. 2008) the Ninth Circuit held that using realistic

14  images of fruits on a food product's label could mislead reasonable consumers to

15  believe that the fruits displayed on the label are actually contained in the food

16  product.

17      Defendant cites *McKinniss v. Sunny Delight Beverages, Co.,* No. 07-CV-

18  0203, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007),  for the proposition that the

19  name or depiction of a fruit on a label does not convey a promise that the product

20  contains any fruit at all, and argues that the same analysis applies in this case.

21  However, the Defendant fails to inform this Honorable Court that in the *McKinniss*

22

23  _____

24      [4] In addition, the overall impression of the label, packaging, and physical
    characteristics of the beverage taken together may give the consumer the impression

25  that the beverage contains juice and not just minor amounts of juice for flavor.  For
    example, vignettes, such as one depicting juice flowing or oozing from a fruit or

26  vegetable, or the physical characteristics of juice, such as the presence of pulp, would
    give the impression that the beverage contains juice. 58 Fed. Reg. 2897, 2898 (1992)

27  (final rule)

1  case, the court stated "Most Importantly, in the lower right corner of the label, the
2  words "ORANGE FLAVORED CITRUS PUNCH" appear in capital letters.  The
3  placement of the word flavored in the *McKinniss* case clearly indicates compliance
4  with the Flavoring Regulations.  In sharp contrast to the present case, the word
5  flavored does not appear on Defendant's label and therefore Plaintiff's allegations
6  that the front Label is deceptive and misleads reasonable consumers is supported
7  by Defendant's reference to the *McKinniss* case.

8        Further, Defendant cites *McKinniss*, again for the proposition that the name
9  or depiction of a fruit on a label does not convey a promise that the product
10 contains any fruit at all, and argues that the same analysis applies in this case.
11 Again, however, the Defendant fails to mention that in the *McKinniss***,** the court
12 stated "It is also worth noting that directly below the words 'Strawberry Kiwi' are
13 the words 'Naturally **and Artificially flavored**' (emphasis added)". The placement
14 of the word flavored in the *McKinniss* case clearly indicates compliance with the
15 Flavoring Regulations.  In sharp contrast to the present case, the word flavored
16 does not appear and therefore Plaintiff's allegations that the front Label is
17 deceptive and misleads reasonable consumers is supported by Defendant's
18 reference to the *McKinness* case.

19       This instant action is distinguishable from *Red v. Kraft* where the Court
20 stated:  "The fact remains that the product is a box of crackers, and a reasonable
21 consumer will be familiar with the fact of life that a cracker is not composed of
22 primarily fresh vegetables."  *Red v. Kraft,* No. 10-1028, 2012 U.S. Dist. LEXIS
23 164461, 2012 WL 550411, at *3 (C.D. Cal. Oct. 25, 2012).  The Court also stated:
24 "it strains credulity to imagine that a reasonable consumer will be deceived into
25 thinking that a box of crackers is healthful or contains large amounts of vegetables
26 simply because there are pictures of vegetables...on the box." 2012 U.S. Dist.
27 LEXIS 164461 [WL] ar *3-4.  In the present case, it does not "strain credulity" to
   imagine that a reasonable consumer would believe that an antioxidant fruit-

1    flavored water with the name of fruits and images of fruits on the front Label

2    would, in fact, contain real fruit ingredients and not just a chemical compound,

3    derived in a laboratory to mimic the flavors of lime, pineapple, raspberry, and

4    mango.

5        **3.    Defendant's "Ingredient List Defense" Is Without Merit.**

6        An ingredient list, no matter how extensive, does not excuse deception.

7    Defendant implies that the ingredient list should be taken into account in the

8    determination of what a reasonable consumer should consider in order to determine

9    whether or not the Beverages contain real fruit ingredients.  Courts have made clear

10   that accurate disclosure of ingredients on a food product's ingredient list does not

11   absolve a food manufacturer from liability for deceptive and misleading

12   information on the food product's front label.  *See Williams v. Gerber Prods. Co.*,

13   552 F.3d 934, 939-40 (9th Cir. 2008) (FDA does not require an ingredient list for

14   manufacturers to shield themselves from liability for deception); *Jou v. Kimberly-*

15   *Clark Corp.*, 2013 U.S. Dist. LEXIS 173216, at *34 (N.D. Cal. Dec. 10, 2013)

16   (Defendant cannot rely on disclosures on the back or side panels of the packaging

17   to contend that any misrepresentation on the front of the packaging is excused.");

18   *Lam v. General Mills, Inc.*, 859 F. Supp. 2d 1097, 1105 (N.D. Cal. 2012)

19   (ingredients list cannot be used to correct the message that reasonable consumers

20   may take from the rest of the packaging").

21       Moreover, the Court should follow the precedent of numerous other courts

22   involving food labeling cases and reject Defendant's argument that the nutrition

23   facts panel and/or ingredient list panel cures the Beverages' front Labels' deceptive

24   representations.  *See Mantikas v. Kellogg Co.*, 910 F.3d 633, 638 (2d Cir. 2018)

25   (fine print in the nutrition facts panel did not protect defendant from liability for

26   deceiving consumers about the food's ingredients on the product's front label)("[A]

27   reasonable consumer should not be expected to consult the Nutrition Facts panel on

the side of the box to correct misleading information set forth in large bold type on the front of the box.")

**4.     The Plausibility Of Whether Or Not A Reasonable Consumer Would Likely Be Deceived By The Beverages' Front Labels Is A Question Of Fact That Is Not Amenable To A Determination On A Motion To Dismiss.**

Courts in this circuit look upon motions to dismiss, in the consumer fraud context, with disfavor an rarely grant them. *See Werbel v. Pepsico, Inc*., No. C 09-04456 SBA, 2010 U.S. Dist. LEXIS 76289, at *8 (N.D. Cal. July 1, 2010) ("The question of whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss"); *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 939 (9th Cir. 2008)("The facts of this case, on the other hand, do not amount to the rare situation in which granting a motion to dismiss is appropriate"); *Linear Technology Corp. v. Applied Materials, Inc*., 152 Cal. App. 4th 115, 134-35 (2007)("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides and which usually cannot be made on demurrer"). (quoting *McKell v. Washington Mutual, Inc*., 142 Cal. App. 4th 1457, 1472 (2006)).

Whether the identified fruits are material to reasonable consumers' decision to purchase or not purchase Defendant's Beverages or whether the front Label misleads reasonable consumers as to the ingredient content are factual determinations that cannot be made on a motion to dismiss.  Additionally, a defendant cannot unilaterally  determine as a matter of law that reasonable consumers would not be misled.  Defendant's motion requires this Honorable Court to make a number of factual determinations.  As is well settled, "black letter law," in determining a motion to dismiss, a court is not permitted to engage in fact finding as to whether or not a reasonable consumer

1    would interpret the Beverages' Front Labels as an indication that the Beverages

2    contain real fruit ingredients.

3          Specifically, decisions in food labeling cases have held that the plausibility

4    of whether or not a reasonable consumer would likely be deceived is a question of

5    fact not to be determined on a motion to dismiss.  *See e.g., Coe v. General Mills*,

6    No. 15-cv-05112-THE, 2016 WL4208287 at *5 (N.D. Cal. Aug. 10, 2016); *Kumar*

7    *v. Salov North America Corp.*, No. 14-CV-2411-YGR, 2015 WL457692 at *3

8    (N.D. Cal. Feb 3, 2015); *Bruton v. Gerber Prods. Co.*, 12-CV-02412-LHK, 2014

9    WL 172111 at *10 (N.D. Cal. Jan. 15, 2014); *Jones v. ConAgra Food, Inc.*, No. C

10   12-01633 CRB, 912 F. Supp. 2d 889, 901 (N.D. Cal. 2012).

11         There are only a few exceptions to the general rule that whether or not a

12   reasonable consumer would likely be deceived may not be determined on a motion

13   to dismiss.  In *Brumfield v. Trader Joe's Co.*, 2018 U.S. Dist. LEXIS 148397, at

14   *5-6 (S.D.N.Y. Aug. 30, 2018) the food product's front label clearly stated that the

15   product was "Black Truffle Flavored."  The word  "Flavored" was in large lettering

16   underneath the words "Black Truffle."  The court in *Brumfield* dismissed the

17   complaint because no reasonable consumer acting reasonably under the

18   circumstances would not understand that the product was flavored since the label

19   prominently and conspicuously was labeled as flavored and reasonable consumers

20   would have no difficulty understanding that the word flavored indicated that the

21   product did not contain actual real ingredients that provided for the characterizing

22   flavor.  That is a clear distinction from this instant action.

23         That reasonable consumers would likely be misled by Defendant's

24   Beverages' front Label is clearly plausible based on the Front Labels' prominent

25   and conspicuous display of the names and vignettes of the two fruits on each of

26

27
                                         23
                        Plaintiff's Opposition to Defendant's Motion to Dismiss
                        Plaintiff's Second Amended Complaint

1   Defendant's Beverages.  Defendant's website, which augments the advertising on

2   Defendant's Beverages,  touts the words "we put the lime in the coconut," it does

3   not say we put natural flavors that masquerade as real lime in the cocont.

4   Defendant aptly references that fact that the flavoring regulations allow depictions

5   of fruit even if no fruit in the food product.  What Defendant fails to mention is that

6   if the depicted fruits are not contained in the food product, but only a flavor of the

7   fruits is present, the word "flavored" must immediately follow the name of the

8   characterizing flavor in order to truthfully disclose to reasonable consumers that

9   the food product does not contain real fruit ingredient.

10  **C.    Plaintiff Has Standing To Pursue Injunctive Relief.**

11          Plaintiff and the Class are entitled to injunctive relief based on Plaintiff's

12  allegations that he "would like to and does intend to purchase the Antioxidant

13  Beverages in the future, but is concerned about the inability to rely on the labeling

14  of the Beverages." SAC at ¶ 49.  Absent injunctive relief, Plaintiff cannot be

15  confident that the Beverages are what they purport to be and may deter Plaintiff

16  and the Class from purchasing the Beverages in the future.  *See e.g.*, *Davidson v.*

17  *Kimberly-Clark Corp.*,889 F.3d 956 (9th Cir. 2018) (risk of similar injury from

18  inability to rely on product representations in deciding whether or not to purchase

19  the product in the future entitles plaintiff to injunctive relief); *Ries v. Ariz. Bevs.*

20  *USA LLC,* 287 F.R.D. 523, 533 (N.D. Cal. 2012) (deterrence from making a

21  purchase from uncertainty as to the reliance on product representations sufficient to

22  state a claim for injunctive relief); *Duran v. Hampton Creek*, 2016 U.S. Dist.

23  LEXIS 41650, 2016 WL 1191685, at* 18-19 (N.D. Cal. Mar. 28, 2016) ("...absent

24  an injunction, the plaintiff-consumer will ...refrain from purchasing products in the

25  future even if they in fact conform to her expectations.  When a consumer discovers

26

27

1    that a representation about a product is false, she doesn't know that another, later

2    representation injures the consumer not only when it is untrue, but also when it is

3    unclear whether or not it is true.")

4    **IV.    CONCLUSION.**

5        For the above stated reasons, Plaintiff respectfully requests that this Court

6    deny Defendant's Motion to Dismiss Plaintiff's SAC in its entirety.  Plaintiff

7    respectfully requests leave to amend if this Honorable Court decides to dismiss any

8    portion, or the entirety, of Plaintiff's SAC.

9

10   Respectfully submitted,

11   Dated: February 21, 2020.        HOBSON, BERNARDINO & DAVIS, LLP

12                                    LAW OFFICES OF PETER N. WASYLYK

13                                    */s/ Rafael Bernardino, Jr.*

14

15                                    By: Rafael Bernardino, Jr.
                                     Attorneys for Plaintiff David Schwartz

16

17

18

19

20

21

22

23

24

25

26                                    25

27