UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:   CV 19-06249 FMO (RAOx)                                       Date:   July 21, 2020
Title:   Daniel Schwartz v. Bai Brands LLC et al.

Present:   The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers) **ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO COMPEL [57]**

Pending before the Court is Defendant Bai Brands, LLC's ("Defendant") Motion to Compel ("Motion"). Dkt. No. 57. Plaintiff Daniel Schwartz ("Plaintiff") filed an Opposition on July 1, 2020. Dkt. No. 58. Defendant filed its Reply on July 8, 2020. Dkt. No. 61. The Court finds the matter suitable for decision without oral argument.[1] *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, the Motion is GRANTED-IN-PART and DENIED-IN-PART.

Defendant requests that the Court compel Plaintiff to provide amended responses to several requests for production ("RFPs"), produce documents in response to those RFPs, re-produce photographs, and provide amended responses to five interrogatories. *See generally* Mot. Defendant also requests that the Court order Plaintiff to pay monetary sanctions in the form of Defendant's reasonable attorney's fees incurred in bringing the Motion. *Id.*

### I.     Compliance with Local Rule 37

Plaintiff argues that the Motion should be denied in its entirety because Defendant failed to file a joint stipulation pursuant to Local Rule 37-2.1. *See* Opp'n at 2-7. Defendant counters that Plaintiff's counsel failed to meet and confer in response to Defendant's Local Rule 37-1 letter, which excuses Defendant from filing a joint stipulation. Reply at 2-5.

---

[1] A telephonic hearing will still be held on July 22, 2020 at 10:00 a.m. to address Defendant's pending Ex Parte Application. *See* Dkt. No. 63.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-06249 FMO (RAOx) | Date: | July 21, 2020 |
| Title: | Daniel Schwartz v. Bai Brands LLC et al. | | |

Before filing a discovery motion, the parties must attempt to resolve the discovery dispute through a good faith meet and confer effort. L.R. 37-1. If they are unable to resolve the dispute, they must formulate a joint stipulation signed by counsel for each party. L.R. 37-2.1. The joint stipulation must include all issues in the dispute, as well as the contentions and points of authority of each party. *Id.*

Absent a joint stipulation, courts will consider a discovery motion only if counsel for the moving party attaches a declaration that the nonmoving party (a) failed to confer with the moving party in a timely manner; (b) failed to provide its portion of the joint stipulation in a timely manner; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. L.R. 37-2.4.

Here, Defendant filed its Motion without a joint stipulation. Defendant's Motion is accompanied by a declaration of counsel that sets forth that Defendant sent a Local Rule 37-1 meet and confer letter to Plaintiff's counsel on June 11, 2020. Decl. of Ariel House in Support of Defendant's Motion ("House Decl.") ¶ 12 & Ex. J. On June 16, 2020, Defendant's counsel emailed Plaintiff's counsel proposing a meet and confer on June 19, 2020. *Id.* ¶ 13 & Ex. K. On June 17, 2020, Plaintiff's counsel responded that he would not be able to review the meet and confer letter until the following week, and he did not propose a date or time for the conference. *Id.* ¶ 14 & Ex. L. Plaintiff's counsel did not respond to an email dated June 18, 2020. *Id.* ¶ 15.

The Court finds that Plaintiff failed to meet and confer with Defendant in a timely manner. Plaintiff's counsel was required to meet and confer with Defendant's counsel within ten days of service of the Local Rule 37-1 letter, which was sent on June 11, 2020. L.R. 37-1. This meet and confer did not happen within ten days, despite Defendant's counsel's proposal to hold a conference on June 19, 2020. Defendant filed its motion on June 22, 2020, which is after ten days had passed since the Local Rule 37-1 letter was sent. Accordingly, the Court finds it appropriate to consider Defendant's Motion, even though it was not filed as a joint stipulation.

**II.     Timeliness of the Motion**

Though neither party has addressed the timeliness of the Motion, this Court must act within the schedule of deadlines ordered by District Judge Olguin.

The fact discovery cut-off in this case is July 23, 2020. Scheduling and Case Management Order, Dkt. No. 53. The District Judge's Scheduling Order advises that parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-06249 FMO (RAOx) | Date: | July 21, 2020 |
| Title: | Daniel Schwartz v. Bai Brands LLC et al. | | |

"conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extension of the discovery or other case-related deadlines." *Id.* at 2. The discovery cut-off is "the date by which all discovery, including all hearings on any related motions, is to be completed." *Id.* Moreover, "[a]ny motion relating to a deposition or challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained and the deposition to be completed before the discovery cut-off if the motion is granted." *Id.* at 2-3. The Scheduling Order observes that to comply with the meet and confer and joint stipulation requirements of the Local Rules, "any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off, i.e., by preparing and serving the letter required by Local Rule 37-1." *Id.* at 3.

Here, Defendant noticed its Motion for a hearing on July 22, 2020, one day before the fact discovery cut-off. Noticing a motion to compel for a hearing one day before the discovery cut-off is generally not sufficiently in advance to permit responses to be obtained before the cut-off. For the type of discovery requested by Defendant, the Court would typically provide 7-10 days for a party to comply with any order compelling further responses or production. The Court observes that Defendant sent its Local Rule 37-1 meet and confer letter to Plaintiff on June 11, 2020, which is six weeks before the discovery cut-off rather than the "at least (7) seven weeks before the discovery cut-off" suggested in the Scheduling Order. Therefore, for any discovery that this Court would not ordinarily compel within a day, the Court finds the Motion is untimely.

The Court will, however, address the dispute over production of Plaintiff's engagement letter. Both parties have addressed the merits of this dispute and a resolution of this dispute in favor of Defendant would only require production of one identified document, which could easily be accomplished within a day or by the end of the fact discovery period.

Accordingly, the Court DENIES-IN-PART the Motion as untimely as to all disputes except for the dispute regarding production of Plaintiff's engagement letter with his attorney.

### III. Plaintiff's Engagement Letter

Defendant's RFP No. 18 requests "[a]ll Documents regarding all agreements You have made with any putative class member, other party, attorney, expert, accountant, law firm, other professional, or other person or entity, regarding the prosecution of this Litigation or the disposition of the proceeds of any settlement or judgment, including, but not limited to, each and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-06249 FMO (RAOx) | Date: | July 21, 2020 |
| Title: | Daniel Schwartz v. Bai Brands LLC et al. | | |

every communication, agreement, arrangement, or understanding concerning the payment of attorney's fees, costs, or expenses of any kind with respect to this Litigation." House Decl., Ex. D.

In his response, Plaintiff objected to RFP No. 18 on the grounds of "attorney work product doctrine and/or attorney client communication." House Decl., Ex. F. Without waiving this objection, Plaintiff added that he is "unable to comply with this Request because there are no such documents. *Id.*

Defendant asserts that Plaintiff's response that "there are no such documents" is false and must be amended because Plaintiff confirmed in his deposition that he recently entered into a retention agreement with counsel. Mot. at 13, 17. Furthermore, Defendant contends that Plaintiff's privilege objection is misplaced because the Ninth Circuit has repeatedly held that retainer agreements are not privileged. *Id.* at 13. Moreover, Defendant claims that the retainer agreement is relevant in determining whether Plaintiff can adequately represent the class under Rule 23 as there may be a potential conflict between Schwartz and class counsel. *Id.* at 14. Defendant points to evidence of a potential conflict, including: (1) Plaintiff's 26-year friendship with class counsel; (2) Plaintiff's willingness to allow class counsel to run the case without supervision; (3) that Plaintiff and class counsel did not enter into a retainer agreement until nearly a year after the Complaint was filed and shortly before Plaintiff was deposed; and (4) a series of false statements made by class counsel. *Id.* at 14-16.

In his Opposition, Plaintiff contends that the retainer agreement is not relevant to the present litigation because Defendant did not put forth any non-speculative evidence of a potential conflict and courts have required such a showing to prevent fishing expeditions. Opp'n at 9.

In its Reply, Defendant asserts that Plaintiff waived any relevancy objection when he failed to assert one in his original discovery response. Reply at 7. Moreover, even if the Court demands non-speculative evidence of a conflict, Defendant contends that the evidence provided in its Motion satisfies this requirement. *Id.* at 8-11.

Under the Federal Rules of Civil Procedure, a party may obtain discovery on any matter that is (1) nonprivileged, (2) relevant to any party's claim or defense, and (3) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When served with a request for production, a party has 30 days to respond in writing. Fed. R. Civ. P. 34(b)(2)(A). In its response, the party may object to the request and withhold the requested material. *See* Fed. R. Civ. P. 34 (b)(2)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 19-06249 FMO (RAOx) | Date: | July 21, 2020 |
| Title: | Daniel Schwartz v. Bai Brands LLC et al. | | |

However, courts will not consider objections raised after the allotted 30 days have expired. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Nor will they consider objections raised for the first time in an opposition to a motion to compel. *See Vegas v. Experian*, No. 10-CV-8567-JAK-FMO, 2011 WL 13323364, at *3 (C.D. Cal. May 13, 2011) ("[T]he court will not consider any objections that were not asserted in the responding party's original discovery responses, *i.e.*, it will not consider objections raised for the first time in the [Opposition]." (quoting *Ramirez v. Cty. of L.A.*, 231 F.R.D. 407, 410 (C.D. Cal. 2005))).

Although Plaintiff raised an objection in his response to RFP No. 18 based on attorney-client privilege and attorney work-product, Plaintiff does not argue in his Opposition that the engagement letter would be protected by attorney-client privilege or the attorney work product doctrine. Rather, Plaintiff argues solely that the engagement letter is not relevant. Plaintiff waived any relevancy objection by failing to include it in his original discovery responses. Thus, his relevancy objection raised in his Opposition will not be considered. As relevancy is the only objection raised in the Opposition, the Court will GRANT-IN-PART the Motion as to the request to compel further production to RFP No. 18. Plaintiff shall produce his retention agreement with counsel to Defendant by close of business on July 23, 2020.

### IV. Request for Sanctions

Defendant's request for sanctions is denied. As provided above, Defendant's Motion has been granted-in-part and denied-in-part. The Court finds that sanctions are not warranted under Federal Rule of Civil Procedure 37(a)(5). The Court also finds that sanctions are not justified for any alleged violation of the Local Rules by Plaintiff where Defendant's Motion is being denied-in-part as untimely for Defendant's failure to comply with District Judge Olguin's Scheduling Order.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | dl |